**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

_____
:
UNITED STATES OF AMERICA,
:
:          No. 01-CR-3047– MWB
Respondent,
:                    &
:          No. 10-CV-03074– LRR
-v-
:
:  **CAPITAL 2255 PROCEEDINGS**
DUSTIN LEE HONKEN,
:
:
Petitioner.
:
_____
:

**PETITIONER'S MOTION FOR RECONSIDERATION OF THE COURT'S**
**REASSIGNMENT ORDER AND FOR A STATEMENT OF REASONS**

Petitioner, Dustin Lee Honken, through undersigned counsel, respectfully submits this motion regarding the Honorable Judge Mark W. Bennett's Order of December 16, 2010, reassigning this matter to the Honorable Chief Judge Linda R. Reade. The reassignment Order was highly unusual, contrary to the optimal and proper practice of the trial judge presiding over subsequent post-conviction proceedings, and raised – but left unanswered – significant questions about the rationale and necessity of the case reassignment. Petitioner accordingly requests that the Court reconsider the Order and provide a statement of reasons for the reassignment, including disclosure of any concerns warranting Judge Bennett's

1

recusal. Petitioner respectfully submits this motion under both of the case dockets referenced above, the former being Petitioner's underlying criminal case and the latter being the new civil docket created subsequent to the filing of Petitioner's § 2255 motion. In support of this motion, Petitioner states:

## BACKGROUND AND PROCEDURAL HISTORY

1. Petitioner was indicted on April 11, 1996, with conspiracy to manufacture and distribute methamphetamine and related charges. On June 10, 1996, Judge Bennett was assigned to preside over the case.

2. Petitioner pled guilty to drug charges in front of Judge Bennett on June 2, 1997. Judge Bennett then presided over a 5-day sentencing hearing between December 15, 1997, and February 24, 1998. Judge Bennett formally entered judgment and sentenced Petitioner on February 25, 1998. After an appeal and remand from the Eighth Circuit, Judge Bennett entered an amended judgment and sentence on February 1, 2000.

3. On August 30, 2001, Petitioner was indicted in the instant case for five murders and related charges. Judge Bennett presided over the pretrial and trial proceedings, both for Petitioner and for his co-defendant, Angela Johnson. Even for a federal death penalty case, the record in this matter was voluminous and the issues complex. Indeed, Judge Bennett published a dozen opinions in Petitioner's case, and

2

another twenty opinions in Johnson's case. The trial transcript in Petitioner's case fills forty volumes spanning from August 17, 2004 to October 27, 2004, not counting extensive pre-trial and post-trial proceedings. Many of the witnesses presented and issues litigated at trial were the same as in the 1997 to 1998 sentencing proceedings over which Judge Bennett presided.

4. The Eighth Circuit Court of Appeals affirmed Petitioner's convictions and sentences on September 12, 2008. *United States v. Honken*, 541 F.3d 1146. Petitioner's convictions and sentences became final on December 14, 2009, when the Supreme Court denied certiorari. *Honken v. United States*, 130 S.Ct. 1011.

5. On September 16, 2009, Judge Bennett appointed the Capital Habeas Corpus Unit of the Federal Public Defender for the District of Arizona (Arizona CHU) as § 2255 counsel. (Case No. 01-CR-3047-MWB, Dkt. No. 784.) On May 20, 2010, Judge Bennett granted the Arizona CHU's motion to withdraw due to a conflict of interest. (*Id.* at Dkt. Nos. 788, 789.) The Court granted undersigned counsel's motion to be appointed as replacement counsel on May 25, 2010. (*Id.* at Dkt. Nos. 790, 791.)

6. On December 13, 2010, Petitioner filed his Motion for Relief Pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241. On December 14, 2010, a civil docket was opened for Petitioner's § 2255 Motion, and Judge Bennett issued an "Initial Review

Order," finding that it did not plainly appear from the § 2255 Motion and the underlying record that Petitioner was not entitled to relief.

7. On December 16, 2010, Judge Bennett entered an Order, which read, in its entirety: "After consultation with Chief Judge Linda R. Reade, this case is **reassigned** to her. **IT IS SO ORDERED**." (No. 10-CV-03074– LRR, Dkt. No. 3.) Judge Bennett continues to preside over the § 2255 proceedings of Petitioner's co-defendant, Angela Johnson.

## DISCUSSION

8. Under the governing Public Administrative Order in the Northern District of Iowa, "28 U.S.C. Section 2255 cases will be assigned to the sentencing judge who handled the criminal case." (No. 10-AO-01-P.) Judge Bennett was the sentencing judge here, and would normally be expected to preside over the § 2255 proceedings.

9. Important interests underlie the local – and nationwide – practice in which the trial judge presides over § 2255 proceedings. The trial judge has an "advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial." *Massaro v. United States*, 538 U.S. 500, 506 (2003). Accordingly, "a motion under s 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner." *Blackledge*

4

*v. Allison*, 431 U.S. 63, 74 n.4 (1977). In the absence of reasons justifying disqualification, "[c]ollateral attacks on convictions, as by way of motion to vacate judgment of conviction and sentence, should be heard, if possible, by the judge who imposed the sentence." *Morrison v. United States*, 432 F.2d 1227 (5th Cir. 1970).

10. The interests in having a trial judge's firsthand recollections, perspective, and insights at hand during § 2255 proceedings are only heightened in capital cases, because a court's "duty to search for constitutional error with painstaking care is never more exacting than it is in a capital case." *Kyles v. Whitley*, 514 U.S. 419, 422 (1995); *see also Sumner v. Shuman*, 483 U.S. 66, 72 (1987) (the Eighth Amendment requires "heightened reliability... in the determination whether the death penalty is appropriate"). The trial court's "advantageous perspective" is particularly notable here, where the record is so voluminous and where Judge Bennett has presided over Petitioner's prosecutions for more than fourteen years.

11. In these circumstances, and assuming that Judge Bennett's reassignment Order was not motivated by concerns justifying recusal, Petitioner has significant interests in Judge Bennett continuing to preside over these § 2255 proceedings. The reassignment Order frustrated those interests and violated the Public Administrative Order, without explanation. Accordingly, Petitioner requests that the Court reconsider the reassignment Order in light of the concerns discussed above.

5

12.     Petitioner also respectfully requests that the Court explain the reasons for Judge Bennett's Order. Undersigned counsel notes that the circumstances of this case might have required Judge Bennett's recusal at some point, and in those circumstances Judge Bennett could not properly select and engage in "consultation" with the successor judge, as the reassignment Order here indicates. (*See* No. 10-CV-03074– LRR, Dkt. No. 3.)

13.     Indeed, Claim Eleven of the § 2255 Motion raises a ground for relief that Judge Bennett displayed an emotional response to victim impact testimony at trial. Those allegations might require factual development at an evidentiary hearing in which Judge Bennett might become a witness. Further, trial counsel previously moved for a new trial on grounds that Judge Bennett should have recused himself *sua sponte* at trial. *See United States v. Honken*, 381 F.Supp.2d 936, 967-77 (N.D. Iowa 2005). Given that Judge Bennett's recusal, or lack thereof, was an issue in the underlying case and could become an issue in these proceedings, undersigned counsel believes that concerns relating to recusal may have motivated the reassignment Order.

14.     Nonetheless, as Judge Bennett recognized in defending his decision not to recuse himself *sua sponte* at trial, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *id.* at 970 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir.1995)); *see also id.* ("A judge has as much obligation not to recuse himself where there is no reason to

6

do so as he does to recuse himself when the converse is true.") (quoting *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir.1994)). In other words, in the absence of facts warranting recusal, Judge Bennett has a "strong duty" to preside over these proceedings.

15.     Thus, the reassignment Order potentially runs afoul of local and nationwide procedure, of concerns for accuracy and reliability required by the Eighth Amendment in these capital proceedings, and of Judge Bennett's "strong duty" to preside over the case. Whether or not Judge Bennett's Order was motivated by concerns warranting recusal, Petitioner is entitled to an explanation of the Order, in sufficient detail to permit an appellate court to consider the propriety both of the reassignment itself and of the manner in which it was accomplished.

16.     In submitting this motion within ten days of the reassignment Order, and more than five months before the Amended § 2255 Motion is due, undersigned counsel do not seek to cause any undue delay in these proceedings. To the contrary, counsel seek to ensure that all of the proceedings in this case are fair and proper and accomplished in an expeditious manner. Counsel have the utmost respect for Chief Judge Reade and Judge Bennett but submit this motion in order to preserve and enforce Petitioner's substantial rights to full and fair procedures in this litigation.

7

WHEREFORE, Petitioner respectfully requests that the Court reconsider Judge

Bennett's reassignment Order, and provide a statement of reasons for the

reassignment.


Respectfully Submitted,

 /s/ Michael Wiseman

_____
Michael Wiseman
Shawn Nolan
Timothy Kane
Capital Habeas Corpus Unit
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
215-928-0520

Dated:        December 27, 2010
                 Philadelphia, PA

8

# Certificate of Service

I, Michael Wiseman, hereby certify that on this 27th day of December, 2010, I filed the foregoing Motion with service via the Court's ECF system to be delivered electronically to:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

/s/ Michael Wiseman

_____
Michael Wiseman