**FILED**
CEDAR RAPIDS HDQTRS OFFICE
NORTHERN DISTRICT OF IOWA

DEC 11 1996

By: _____
Deputy

# AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA

Pursuant to the Jury Selection and Service Act of 1968, 28 U.S.C. §1861 et seq., this court's plan for the random selection of Grand and Petit Jurors is amended to provide as follows:

## A. APPLICABILITY

The Northern District of Iowa, consisting of the counties listed below, is hereby divided into divisions for jury selection purposes as follows:

(1) The Cedar Rapids-Eastern Division, comprising the counties of Allamakee, Benton, Blackhawk, Bremer, Buchanan, Cedar, Chickasaw, Clayton, Delaware, Dubuque, Fayette, Floyd, Grundy, Hardin, Howard, Iowa, Jackson, Jones, Linn, Mitchell, Tama and Winneshiek.

(2) The Central Division, comprising the counties of Butler, Calhoun, Carroll, Cerro Gordo, Emmett, Franklin, Hamilton, Hancock, Humboldt, Kossuth, Palo Alto, Pocahontas, Webster, Winnebago, Worth and Wright.

(3) The Western Division, comprising the counties of Buena Vista, Cherokee, Clay, Crawford, Dickinson, Ida, Lyon, Monona, O'Brien, Osceola, Plymouth, Sac, Sioux and Woodbury.

The provisions of this plan shall apply to all divisions unless otherwise specifically indicated.

## B. PURPOSE OF THE PLAN

(1) It is the purpose of this plan to satisfy the requirements and to implement the policies declared in 28 U.S.C. §1861. This plan is designed to ensure that:

1



GOVERNMENT EXHIBIT E
C10-3074

(a) all litigants in Federal Courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes,

(b) all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States, and

(c) all citizens shall have an obligation to serve as jurors when summoned for that purpose.

(2) It is further the purpose of this plan to implement the prohibition against discrimination contained in 28 U.S.C. §1862 which provides that no citizen shall be excluded from service as a grand or petit juror in the district courts of the United States on account of race, color, religion, sex, national origin, or economic status.

## C. MANAGEMENT AND SUPERVISION OF JURY SELECTION PROCESS

The Clerk of Court will manage the jury selection process under the supervision and control of any Judge of the Court.

Clerk and Clerk of Court shall mean the Clerk of the District Court of the United States, any authorized deputy clerk, and any other person authorized by the Court to assist the Clerk in the performance of functions under the plan.

## D. SOURCE OF NAMES

In order to ensure the greatest number of citizens will be eligible for jury service in this district, the names of prospective grand and petit jurors shall be selected at random from the voter registration lists of all counties within each division, as defined in 28 U.S.C. §1869(c), supplemented by lists of motor vehicle operators for each county, or from the lists of actual voters as defined in 28 U.S.C. §1869(d) of all counties within each division, supplemented by lists of motor vehicle operators for each county. Voter registration lists and actual voter lists, as supplemented by motor vehicle operator lists, hereafter shall be known as the "supplemented voter registration lists."

"Motor vehicle operator list" means the official records maintained by the State of Iowa containing the names and addresses of those individuals in the respective counties retaining valid motor vehicle operator's licenses.

2

Case 3:10-cv-03074-LTS-KEM    Document 22-5    Filed 07/14/11    Page 2 of 11

In any selection of prospective jurors from supplemented voter registration lists, the Clerk shall make the selection from the official records maintained by the State of Iowa and local officials. The master jury wheels shall be emptied and refilled every four years in the year following the year of the general election, i.e., 1997, 2001, 2005, etc. The refilling of each master wheel shall be accomplished within 180 days after such selection unless for good cause the time shall be extended or shortened by order of the Chief Judge, or in his absence, the regular active District Judge who is present and who has been in service the greater length of time.

If the court, pursuant to Section 1863(b)(2), should find it necessary, it may authorize the Clerk to draw names of prospective jurors from other supplementary source lists in addition to supplemented voter registration or actual voter lists. The selection of names from such additional lists shall be done in a manner consistent with the selection procedures described in this plan.

This plan's reference to random selection shall mean that in any selection procedure only the first name shall be chosen by a purely random method and that each subsequent name for that drawing may be systematically taken at regular intervals throughout the remainder of the source lists. This randomized selection procedure, which is described in the next sections, insures: (a) that the names chosen will represent all segments of the source file from which drawn, (b) that the mathematical odds of any single name being picked are substantially equalized, and (c) that the possibility of human discretion or choice affecting the selection of any individual's name is eliminated.

## E. SELECTION PROCEDURE

The Clerk of Court, or deputy clerks, under the Clerk's supervision, shall make a random selection of a starting number for each division by drawing by lot a number between one and a number determined by dividing the number of prospective jurors to be selected in the division into the total number of names on the supplemented voter list used in the division, called a quotient number.

The name corresponding with the starting number on the supplemented voter list used shall be the first name drawn with subsequent names to be selected at intervals equal to the quotient number.

The number of names drawn from each county shall be substantially in the same proportion to the total number drawn from all counties within the division as the number of names on that county's supplemented voter list used bears to the total number of names on the supplemented voter list used for all counties within the division.

3

# F. MASTER JURY WHEELS

The Clerk shall maintain a master jury wheel for each of the divisions set out in Part A within the District. The names and addresses of all persons randomly selected from the supplemented voter registration lists or the lists of actual voters of the last presidential general election shall be placed in the master jury wheel for that division. The physical form of record on which names for the master wheels are kept may include such electronic data storage devices as punched cards, magnetic tapes, or magnetic disc files. Pursuant to Section 1863(b)(4) of the Act, the minimum number of names to be placed in the master jury wheels shall be at least one half of one percent of the total number of names on all county supplemental voter registration lists used.

The presiding Judge in each said division may order additional names to be placed in the master jury wheel for said division from time to time, as necessary and in accordance with the formula hereinabove described. The master jury wheels currently in full force and effect shall be emptied and refilled every four years, not later than June 1, of the year following a general presidential election year.

The Clerk, either all at one time or at periodic intervals, shall publicly draw at random from the master jury wheels the names of as many persons as may be required to maintain an adequate number of names in the qualified jury wheels. The number of names to be drawn shall be determined by the Clerk based upon anticipated juror demands by the court plus a margin of extra names sufficient to compensate for the estimated number that will turn out to be unavailable or ineligible.

The Clerk shall, by manual or computer means, prepare and have mailed to every person whose name is so drawn, a juror qualification questionnaire form, accompanied by instructions to execute and return the questionnaire duly signed and sworn, to the Clerk by mail within ten days, in accordance with Section 1864 (a) of the Act, as amended. The instructions shall advise the person receiving the questionnaire form that if he or she is unable to fill out the form, he or she is obligated to have the form filled out by another who shall indicate by whom the form is filled out and the reason therefore. If it appears that there is an omission, ambiguity, or error in a filled out and returned questionnaire form, the Clerk shall return the form with instructions to the person to make such additions and corrections as may be necessary and to return the form to the Clerk within ten (10) days. Any person who fails to return a completed juror qualification form as instructed in accordance with this plan may be summoned by the Clerk forthwith to appear before the Clerk to fill out a juror qualification form.

Any person summoned by the Clerk because of his/her failure to return a qualification form as instructed and who fails to appear as directed by the Clerk, shall be ordered summarily to appear and to show cause for failure to comply with the summons of the Clerk by any Judge of the Court. Any person who fails to appear pursuant to such order to show cause or who fails to show good cause for noncompliance of the summons of the Clerk shall be subject to the penalties provided in 28 U.S.C. §1864(b).

4

## G. QUALIFIED JURY WHEELS

The Clerk of Court shall maintain a qualified jury wheel for each division set out in Part A and shall place in such wheel the names of all the qualified persons who are neither exempted nor excused pursuant to this plan that have been drawn by the Clerk from the divisional master jury wheel.

## H. SELECTION AND ASSIGNING OF JURY PANELS

From time to time, the Clerk of Court, or deputy clerks, under the Clerk's supervision, shall publicly draw at random from each divisional qualified jury wheel such number of names of persons as may be required for assignment to grand and petit jury panels.

When a Judge directs a grand or petit jury to be drawn, the Clerk shall issue summonses for the required number of jurors from the grand or petit jury lists in the order which they were drawn from the qualified jury wheel and in rotation. When the summonses have been issued, the names of the jurors so summoned may be disclosed to the parties or the public, provided that any Judge may order the names to be kept confidential in a case or cases when the interest of justice so requires. Provided further that the Clerk shall prepare an alphabetical list of the petit jurors summoned containing the juror's name, age, residence, marital status, occupation, and spouse's occupation, and mail said list to the attorneys of record for the parties at least five (5) days prior to the trial date.

## I. QUALIFICATIONS FOR JURY SERVICE

Any person is qualified to serve on grand and petit juries unless he/she:

    (1)    is not a citizen of the United States, eighteen years old, who has resided for a period of one year within the judicial district;

    (2)    is unable to read, write, and understand the English language with a degree of proficiency sufficient to satisfactorily fill out the juror qualification form;

    (3)    is unable to speak the English language;

    (4)    is incapable, by reason of mental or physical infirmity, to render satisfactory jury service, provided, however, that it is the policy of this court to accommodate, to the extent possible, all physical

disabilities and to make jury service as accessible as possible to all citizens.

(5)     has a charge pending against him/her for the commission of, or has been convicted in a state or federal court of record of a crime punishable by imprisonment for more than one year and his/her civil rights have not been restored by pardon or amnesty.

## J. EXEMPTIONS FROM JURY SERVICE

This court finds that exemption of the following groups of persons or occupational classes is in the public interest and would not be inconsistent with the Act, and accordingly members of such groups or classes are barred from jury service:

(1)     Members in active service in the Armed Forces of the United States;

(2)     Members of the fire or police department of the State of Iowa or any subdivision thereof;

(3)     Public officials in the executive, legislative or judicial branches of the Government of the United States, the State of Iowa, or any subdivision thereof, who are actively engaged in the performance of official duties.

## K. EXCUSES ON INDIVIDUAL REQUEST

Where jury service by a member of a class or group of people whose service would cause the member to suffer undue hardship or extreme inconvenience, and the excuse of such member would not be inconsistent with the Act, any Judge of the Court, on his/her own initiative or the Clerk, under the supervision of the Court, shall excuse the member upon that member's request.

This section is applicable to classes or groups such as, but not limited to, personnel who serve without compensation as firefighters or members of a rescue squad or ambulance crew for a "public agency."

6

## L. DETERMINATION OF QUALIFICATIONS, EXEMPTIONS AND EXCUSES

Any Judge of the Court, on his/her own initiative or the Clerk, under the supervision of the Court, shall determine qualifications, exemptions and excuses from service.

## M. INDIVIDUALS NOT MEMBERS OF A GROUP OR CLASS

The Court, or Clerk may, pursuant to §1866(c) of the Act, excuse or exclude any persons summoned for jury service upon the following grounds:

(1)     That such person summoned for jury service has made a showing of undue hardship or extreme inconvenience or both; provided that the period for which such prospective juror may be excused shall be the period which is determined to be necessary under the circumstances which shall be fixed in an order granting the excuse; provided further that at the expiration of the period such person shall be summoned again for jury service within a reasonable time.

(2)     That such person may be unable to render impartial jury service or that his service as a juror would be likely to disrupt the proceedings.

(3)     That such person be peremptorily challenged as provided by law.

(4)     That such person be excluded pursuant to the procedure specified by law upon a challenge by any party for good cause shown.

(5)     That the Court has determined that the service of such person as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of jury deliberations; provided, however, that no person shall be excluded upon the ground of this subparagraph (5) unless the Judge, in open court, determines that such exclusion is warranted and that the exclusion of the persons will not be inconsistent with 28 U.S.C. §§1861 and 1862, and further provided that the number of persons excluded under this subparagraph (5) shall not exceed one percentum of the number of person who return executed jury qualification forms during the period of approximately four years intervening between two consecutive makings of the master jury lists under this plan; and provided further that the names of persons excluded under this subparagraph (5), together with detailed explanations for the exclusions, shall be forwarded immediately to the judicial council of this circuit, for its deposition under 28 U.S.C. §1866(c).

7

Any person excluded from a particular jury under sub-paragraphs (2), (3), or (4) immediately above, shall be eligible to serve on another jury if the basis for his initial exclusion would not be relevant to his ability to serve on such other jury.

## N. OBLIGATION TO SERVE AND PERIOD OF SERVICE

When summoned to serve as a juror, every person shall be obligated to serve unless determined to be disqualified, to be exempt, to be excluded or entitled to be excused. But in any two-year period, no person shall be required to serve as a juror or to attend court for a prospective service as a petit juror for a total of more than sixty (60) days except when necessary to complete service in a particular case; nor shall any person be required to serve upon more than one (1) grand jury or to serve as both a grand and petit juror in any two-year period.

## O. SELECTION OF JURORS IN CASES OF UNANTICIPATED SHORTAGE

When there is an unanticipated shortage of available petit jurors drawn from any qualified jury wheel, the Judge before whom a case requiring additional jurors is pending may, by order of the Court, require the Marshal to summon a sufficient number of additional petit jurors selected at random from the supplemented voter lists used in a manner fixed by order of court from the city, county, or division in which the court is held, consistent with 28 U.S.C. §§ 1861 and 1862.

## P. MAINTENANCE AND INSPECTION OF RECORDS

After any master jury wheel is emptied and refilled as provided in this plan, and after all persons selected to serve as jurors before the master wheel was emptied have completed such service, all papers and records compiled and maintained by the Clerk before the master wheel was emptied shall be preserved in the custody of the Clerk for four years or for such longer period as it may be ordered by this or any other court having jurisdiction to make such order, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury or of the history of the operation of this plan.

## Q. FEES AND ALLOWANCES OF GRAND AND PETIT JURORS

Grand jurors and petit jurors shall be paid the fees and allowances as authorized by law under 28 U.S.C. §1871.

8

## R. DUTIES OF JURORS AND PROSPECTIVE JURORS

Jurors and prospective jurors, including those summoned by cause for failure to return a juror qualification form as required, shall be obligated to appear when summoned. A person summoned pursuant to this plan as a juror or as a prospective juror because of failure to return a juror qualification form as required shall be obligated to appear at the time and place fixed in the summons. Any person failing to appear as summoned may be ordered by any regular active Judge, or by any senior or assigned Judge of this court to show cause for failure to comply with the summons. If cause is not shown in response to such order, the juror or prospective juror may be punished as provided in 28 U.S.C. §1866(b).

## S. AUTOMATING JURY CLERICAL WORK

The Court may, at the option of the Clerk or any Judge, direct the use of electronic data processing methods for any combination of the following tasks:

(1)     random selection of names from source lists authorized by this plan for the purpose of creating a master wheel;

(2)     addressing and mailing qualification questionnaires to the names randomly selected from source lists;

(3)     creating and maintaining a qualified wheel of those persons manually designated as qualified for jury service;

(4)     random selection of names from the qualified wheel to serve as grand and petit jurors, and for the creation of any papers and records necessary to summon, cause to appear, and pay jurors for service.

## T. PUBLIC ANNOUNCEMENT OF THE PLACE AND TIME OF AUTOMATED SELECTION OF NAMES BY COMPUTER CENTER

Random drawing of starting numbers shall be publicly made in the office of the Clerk of Court at times to be publicly announced on the court bulletin board.

Drawing of names of prospective jurors by automated selection methods shall be publicly made at the designated computer center. The location and approximate time of such drawings shall be publicly announced in a public place such as the court's bulletin board.

9

Case 3:10-cv-03074-LTS-KEM    Document 22-5    Filed 07/14/11    Page 9 of 11

The office of the Clerk of the Court shall retain and, when requested, provide public access to the following documents:

(1) the court's "Juror Selection Plan", including the plan's verbatim description of the method used in determining the "quotient" and "starting number",

(2) a verbal or graphically charged description of the procedure employed in the automated selection system, and

(3) a copy of the court's authorization and instruction order to the person or computer service organization which carries out automated name selection tasks for the court.

Dated: _August 1, 1996_

_(signature)_

MICHAEL J. MELLOY, CHIEF JUDGE
UNITED STATES DISTRICT COURT

_(signature)_

MARK W. BENNETT, JUDGE
UNITED STATES DISTRICT COURT

APPROVED:

_____
Judicial Council of the Eighth Circuit

10

# UNITED STATES COURTS

Judicial Council of The Eighth Circuit
P.O. Box 75428
St. Paul, Minnesota 55175
612-290-3311

Facsimile:
612-290-3309

CIRCUIT EXECUTIVE
June L. Boadwine

## EIGHTH CIRCUIT JUDICIAL COUNCIL

### O R D E R

I hereby certify that the Eighth Circuit Judicial Council has approved the Amended Plan for the Random Selection of Grand and Petit Jurors for the United States District Court, Northern District of Iowa, dated August 1, 1996.

_June L. Boadwine_
June L. Boadwine
Circuit Executive

St. Paul, Minnesota
December 10, 1996

cc:   Judicial Council Members
      Chief Judge Michael J. Melloy
      James D. Hodges, Clerk of Court
      Administrative Office

Approval was given by the Jury System Committee.

SPO931