IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DUSTIN LEE HONKEN, | ) | |
| | ) | No. 10-CV-03074-LRR |
| Petitioner/Defendant, | ) | No. 01-CR-3047-MWB |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A COURT ORDER REGARDING THE GOVERNMENT'S MENTAL HEALTH EVALUATION OF PETITIONER**

I.      **INTRODUCTION**

On December 13, 2010, Petitioner filed a Motion for Relief Pursuant to 28 U.S.C. § 2255. In his motion Petitioner asserts 21 grounds in which he claims his convictions and death sentences were obtained in violation of his rights under the Fifth, Sixth and Eighth Amendments to the United States Constitution. One of the grounds raised (Claim Nine) is that Petitioner Was Denied His Sixth Amendment Right to Effective Assistance of Counsel at His Capital Sentencing. (Petitioner's Memorandum, 81, Doc. 19). In particular, Petitioner asserts a claim of ineffective assistance of counsel based on trial counsel's failure to seek a pre-sentence mental health evaluation. (Petitioner's Memorandum, pages 94–117). Petitioner contends that had counsel sought the evaluation, additional mitigating evidence would have been discovered and "[a] mental health expert would have been able to place the facts that were uncovered . . . into their

1

proper mitigating perspective, and would have led reasonable counsel to present them."
*Id.* at 96; *see id.* at 108–17 (detailing evidence resulting from Petitioner's three post-conviction mental-health evaluations). Petitioner reasons that had this mitigating evidence been presented at sentencing, there is a reasonable probability that he would have received a sentence of life. *Id.* at 96–97.

In response, the United States provided Petitioner with notice of its desire to have Petitioner evaluated by its experts. The United States identified its experts and the nature of the examination as set forth in Fed. R. Civ. P. 35. Petitioner's habeas counsel indicated they did not object to the government's proposed examination; however, they conditioned Petitioner's acquiescence on either (1) the presence of counsel at the examination; or (2) having the examination video or audio recorded.

For the following reasons, the United States resists Petitioner's conditions and respectfully moves this court to order Petitioner be subject to a mental health examination without either the presence of counsel (or any third parties) or the production of any video or audio recordings.

## II. ARGUMENT

### A. Petitioner Is Not Entitled to Presence of Counsel at, or the Recording of, the Mental Examination

"[A] movant in a § 2255 proceeding has no constitutional right under the Sixth Amendment to representation by counsel." *Johnson v. United States*, No. C 09-3064-MWB, No. CR 01-3046-MWB, 2010 U.S. Dist. LEXIS 25347, at *41 (N.D. Iowa Mar. 18, 2010) (citing *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999)). "Moreover, even in criminal proceedings, a defendant does not have a constitutional right to have

counsel or another representative physically present during a mental evaluation." *Id.* (citing *Estelle v. Smith*, 451 U.S. 454, 470 (1981)).  In *Estelle*, the Court held that the capital defendant had a Sixth Amendment right to notice and to consult with counsel prior to—but not during—the mental evaluation.  See *Estelle*, 451 U.S. at 470–71 & n.15.  Applying *Estelle*, the *Johnson* court found that, at most, movant was entitled to "reasonable access to her counsel before and after an evaluation session, but neither her counsel nor any other representative [was] . . . permitted in the room during examinations."  *Johnson*, 2010 U.S. Dist. LEXIS 25347, at *42; see also *Pizzuto v. Hardison*, No. 05-CV-00516-S-BLW, 2010 WL 672754 (D. Idaho Feb. 20, 2010) (granting request for a mental evaluation of a capital movant but stating that movant has no constitutional right to either the presence of counsel at the examination, or to have the examination recorded).

The law on this issue forecloses Petitioner's position that either counsel should be allowed to sit in on the mental examination or that the examination be audio or video recorded.  The United States makes, and will make, no attempt to deny Petitioner reasonable access to counsel both before and after the examination, but asks this court to deny any condition that allows defense counsel to be present with Petitioner during, or allows the recording of, the mental examination.

**B.    Permitting the Presence of Counsel or Recording of the Examination Will Cause Disruption and Jeopardize the Validity of the Results**

Although the lack of constitutional support defeats Petitioner's arguments, there are myriad policy reasons for prohibiting both the presence of counsel at, and any recording of, the mental evaluation.  As a result of consultations with its expert, the

3

United States has serious concerns that these conditions pose a danger of interfering with the examination, hindering rapport, and altogether jeopardizing the validity of the results.  These concerns are hardly novel and have been analyzed by courts for many years.

In a case decided shortly before *Estelle*, the Second Circuit considered these types of concerns, stating that in a psychiatric examination "the presence of a third party, such as counsel or a stenographer . . . tends to destroy the effectiveness of the interview."  *Hollis v. Smith*, 571 F.2d 685, 692 (2nd Cir. 1978) (citation and internal quotation marks omitted); *see also Tippet v. Maryland*, 436 F.2d 1153, 1158 (4th Cir. 1971) ("It is difficult to imagine anything more stultifying to a psychiatrist, as dependent as he is upon the cooperation of his patient, than the presence of a lawyer objecting to the psychiatrist's questions and advising his client not to answer this question and that.").

It is arguable that merely recording the interview raises fewer concerns than actually having a third party present at the examination.  The United States maintains, however, that recording the examination still poses the same fundamental danger of jeopardizing the validity of the results.  Additionally, the court in *Pizzuto* suggested that deference could be given to the preferences of the evaluating expert.  The court, in denying movant's request to record the mental examination, found that the evaluator's concerns about a recording device being "disruptive to the testing environment" and potentially "corrupting the results" were not implausible or unreasonable.  *Pizzuto*, 2010 WL 672754, at *2.  In this case, the United States' expert has expressed a similar desire not to have the presence of any third parties at the examination or to have the

4

examination recorded. The United States argues that, along with all of the other concerns, the court may consider this factor in its decision.

## III.    CONCLUSION

Petitioner has no right to the presence of counsel at his mental heath examination. Likewise, Petitioner has no right to audio or video record his mental health examination. Furthermore, permitting either of these conditions creates serious risks of interfering with the examination and jeopardizing the validity of the results. For all of these reasons, the United States respectfully moves this court to enter an order permitting Petitioner's examination to go forward unrecorded and without the presence of counsel or any other third party.

Respectfully submitted,

STEPHANIE M. ROSE
United States Attorney

By: s/ C.J. WILLIAMS

C.J. WILLIAMS
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, Iowa 52401
319-363-6333
(Fax 319-363-1990)
cj.williams@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on July 18, 2011.

UNITED STATES ATTORNEY

BY:   s/ S. Van Weelden

COPIES TO: Counsel of Record

5