# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

_____
:
UNITED STATES OF AMERICA,     :     No. 3:10– cv– 3074 (LRR)
:
     Respondent,     :   **CAPITAL 2255 PROCEEDINGS**
:
    -v-     :     HON. LINDA R. READE
:         CHIEF, U.S.D.J.
DUSTIN LEE HONKEN,     :
:
     Petitioner.     :
_____   :

### PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION FOR A COURT ORDER REGARDING ITS MENTAL HEALTH EXAMINATION OF PETITIONER

Petitioner, Dustin Lee Honken, through counsel, respectfully submits this Opposition to the *Government's Motion for a Court Order Regarding the Government's Mental Health Examination of Petitioner* (the "*Motion*") and its accompanying *Memorandum in Support* (the "*Memorandum*"), and states the following:

1.    The parties agree that the Government is entitled to a mental health examination of Petitioner to the extent that Petitioner's motion pursuant to 28 U.S.C. § 2255 has placed Petitioner's mental health at issue in these proceedings.

2.    The parties have been unable to agree under what conditions the Government's mental health examination will be conducted. Specifically, Petitioner

1

seeks to have an attorney present to observe the evaluation or, at a minimum, to have the evaluation recorded.

3.  On July 18, 2011, the Government submitted the *Motion*, requesting that the Court issue an order directing Petitioner to submit to the examination "without either the presence of counsel (or any third parties) or the production of any video or audio recordings." *Motion* at 2.  The *Motion* should be denied.

4.  It is well established that the right against self-incrimination is "accorded liberal construction" and may be asserted whenever a person "has reasonable cause to apprehend danger" from answering the Government's questions.  *Hoffman v. United States*, 341 U.S. 479, 486 (1951).  "Reasonable cause" exists whenever the person's statements possibly may be used against him in a future prosecution, even where that possibility is "remote" or "speculative" or "slight."  *See, e.g.*, *Resnover v. Pearson*, 965 F.2d 1453, 1462 (7th Cir. 1992) ("[w]e cannot agree that a witness' constitutional privilege against self-incrimination depends upon a judge's prediction of the likelihood of prosecution"); *United States v. Sharp*, 920 F.2d 1167, 1171 (4th Cir. 1990) ("once incriminating potential is found to exist, courts should not engage in raw speculation as to whether the government will actually prosecute"); *United States v. Cuthel*, 903 F.2d 1381, 1384 (11th Cir. 1990) (witnesses can properly invoke privilege "even if the risk of prosecution is remote"); *United States v. LaCoste*, 721

2

F.2d 984, 987 (5th Cir. 1983) (privilege upheld even if likelihood of prosecution "remote"); *United States v. Miranti*, 253 F.2d 135, 139 (2d Cir. 1958) (privilege upheld where likelihood of prosecution was "slight"); *accord United States v. Jones*, 703 F.2d 473, 477-78 (10th Cir. 1983).

5. Petitioner here has alleged multiple constitutional challenges to his convictions. *See* Doc. Nos. 1 & 19. In the Court's *Initial Review Order*, Judge Bennett ruled that "[t]he court cannot say that it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Doc. No. 2 at 1 (internal quotation omitted). It is therefore possible that one or more of Petitioner's convictions will be vacated and that he will face retrial at some point in the future. Further, Petitioner remains in jeopardy of charges in state court for the conduct for which he was prosecuted in federal court. *See Johnson v. United States*, No. 09-cv-3064-MWB, 2010 U.S. Dist. LEXIS 25347, at *39 (N.D. Iowa Mar. 18, 2010). Under these circumstances, Petitioner "has reasonable cause to apprehend danger" from being interviewed by the Government's mental health examiner, and his right against self-incrimination thus attaches. *See Hoffman*, 341 U.S. at 486.

6. Petitioner recognizes that his reliance on mental health evidence waives this right, but only to the extent that he has placed his mental condition "in

3

controversy."  Fed. R. Civ. Pro. 35(a)(1); *see also Dible v. United States*, No. 09-4065-LRR, 2010 WL 2652202 at \*2 (N.D. Iowa 2010) (a post-conviction claim waives a privilege to the extent "necessary to prove or disprove the claim").  It is plain from Petitioner § 2255 motion, and from the Government's instant *Motion*, that Petitioner's mental health evidence is relevant only to Claim Nine, alleging ineffective assistance of counsel at the penalty phase of trial.  *See Memorandum* at 1-2.  Petitioner does not rely on mental health evidence to challenge his convictions. The scope of the Government's evaluation must be limited accordingly, and to the extent that the evaluation delves into guilt phase issues, Petitioner's right against self incrimination will be implicated.

7.      Rule 35 charges this Court with delineating the "scope" and "conditions" of the Government's examination.  Fed. R. Civ. Pro. 35(a)(2)(B).  Although the Government's *Memorandum* cites a handful of cases where courts have not permitted attorney presence or recording, *Memorandum* at 3-4, other courts have exercised their discretion to require such measures.  *See, e.g.*, *United States v. Bourgeois,* 02-cr-0216, Doc. Nos. 498 & 502 (S.D. Tex. May 6, 2010) (ordering that the government's mental health examinations be videotaped) (attached hereto as Exhibits 1 & 2); *see also Vreeland v. Ethan Allen*, 151 F.R.D. 551, 551 (S.D.N.Y. 1993) ("the presence of the attorney is more likely to produce a higher quality of justice and fairness in the

4

ensuing trial and permit more cogent cross-examination of the expert."); *Zabkowicz v. West Bend Co.*, 585 F.Supp. 635, 636 (E.D.Wis. 1984) ("in the context of an adversary proceeding, the plaintiffs' interest in protecting themselves from unsupervised interrogation by an agent of their opponents outweighs the defendants' interest in making the most effective use of their expert.").  Further, as explained above, Petitioner here has Fifth Amendment interests that were simply not attendant in civil cases like *Vreeland* and *Zabkowicz*, and thus attorney presence or recording is particularly appropriate here.

8.     The Government's *Memorandum* argues that Petitioner "does not have a constitutional right" to his attorney's presence and thus concludes that his request is "forclose[d]." *Memorandum* at 2-3.  Petitioner, however, does not contend that he has an absolute constitutional right to his attorney's presence.  Instead, given Petitioner's Fifth Amendment rights and this Court's duty to specify the conditions of the examination, Petitioner submits that the best practice would be to permit one of his attorneys to observe the examination.  Alternatively, Petitioner requests that the Court order the Government expert to videotape or audiotape the evaluation. The former requirement would help to ensure that Petitioner's Fifth Amendment rights are not violated, and the latter would ensure that the parties and the Court could determine whether such a violation occurred.

9.      Additional considerations weigh against granting the Government's *Motion*.  First, the Motion requests an order prohibiting the presence of "any third parties" at the Government examination.  However, the Government's examination, like the examinations by Petitioner's experts, will be listened to and observed through a window by a correctional officer.  That is a simple fact of Bureau of Prisons policy and practice.  *See Bourgeois*, Ex. 2. at 2 ("Captain Joyner [a chief correctional supervisor at Terre Haute] explained that in this, as in all other examinations, a guard would observe the examination through a window... [just as a] guard has observed the earlier examinations in this case.").  Indeed, even undersigned counsel's legal meetings with Petitioner are so observed.  Thus, the Government's requested order ignores the conditions of all examinations conducted at Terre Haute, including the defense examinations here.

10.      Second, the Government baldly asserts that third party observation "pose[s] a danger of interfering with the examination, hindering rapport, and altogether jeopardizing the validity of the results."  *Memorandum* at 4.  But the Government cites neither any scientific support for its assertion, nor any affidavit from its expert.  Even after hearing similar assertions directly from the Government's experts in *Bourgeois*, the District Court there found that recording was appropriate because the experts identified "no direct prohibition on videotaping by the governing professional organizations and only identified concerns that would be ameliorated by

6

any protective order."[1]

11. In fact, Dr. Daniel Martell, the Government's expert in Petitioner's co-defendant's case, has testified for the Government in another capital § 2255 case that he routinely seeks to videotape all of his evaluations and that doing so constitutes sound forensic practice:

> Q: Was your evaluation of Mr. Hammer – yours and Dr. Matthews [the Government psychiatrist], was it videotaped?
>
> A: Yes, it was.
>
> Q: Why did you allow for videotaping?
>
> A: I try and do this in every case unless I'm precluded by the parties. I feel that it protects everyone involved. It provides the defense with an absolute record of everything that I said, everything that I did, so their experts can look for mistakes, can question my methods if they choose to do so. It protects me because I don't have to spend time writing notes which can be quite cumbersome, and so it makes it a more efficient test process, and it gives me an absolute record of the answers that were given so I'm not trying to paraphrase a defendant.
>
> So I think overall it's good forensic practice to videotape the exams and preserve the record.

*United States v. Hammer*, 96-cr-239 (M.D. Pa. Aug. 29, 2005), Transcript at 51-52 (attached as Exhibit 3).

---

[1]In other words, the only valid professional concerns weighing against videotaping an examination may arise if the recording is later disseminated publicly. This Court, like the *Bourgeois* court, can easily ameliorate that concern with a protective order.

7

12.    Indeed, the Government's current position that attorney observation and videotaping could "altogether jeopardiz[e]" its examination is also undercut by the Government's contrary position in another capital § 2255 case, *United States v. Nelson*, No. 04-8005-CV-W-FJG, No. 99-00303-01-CR-W-JFG (W.D. Mo.).   In *Nelson*, the United States moved <u>to require</u> videotaping of its own forensic mental health evaluation and agreed to permit defense counsel to be present, albeit outside the examination room.  *See Nelson, Government's Motion to Establish Procedures by Which a Mental Health Examination of Movant Will Be Conducted*, at 5 (Apr. 20, 2010) (attached as an Exhibit 4).  Petitioner has no objection to these same conditions being ordered here.

13.    Additionally, Petitioner notes that in *Johnson v. United States*, No. 09-cv-3064-MWB, 2010 U.S. Dist. LEXIS 25347 at *39 (N.D. Iowa Mar. 18, 2010), Judge Bennett addressed the inherent Fifth Amendment concerns by imposing " a confidentiality requirement on all results of mental examinations, barring their disclosure to any nonparty." Petitioner requests that, regardless of the Court's ruling on the Government's *Motion*, this Court likewise order that "[t]he results of any mental examinations are not to be disclosed to anyone other than the parties, the parties' attorneys, and the parties' expert witnesses, without prior permission from the court." *Id.* at *43-*44.  Such an order would help to ensure that any information elicited by the Government examination which exceeds the scope of the issues "in

8

controversy" could not be used against Petitioner in violation of his right against self incrimination.

14. Finally, consistent with Rule 35(a)(2), Petitioner requests that the Government provide, at least two weeks in advance, notice of the specific date(s) on which its experts will conduct their examination. This will permit Petitioner to have reasonable access to counsel before the Government examination.

9

WHEREFORE, Petitioner respectfully requests that the Court order the Government to permit one of Petitioner's attorneys to observe its mental health examination of Petitioner, or order the government expert to record the examination, and order that the results of the Government examination remain confidential until further order of the Court.

Respectfully Submitted,

/s Michael Wiseman

Michael Wiseman
Capital Habeas Corpus Unit
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
215-928-0520
fax 215-928-0826

Dated:      Philadelphia, Pennsylvania
            July 19, 2011

## Certificate of Service

I, Michael Wiseman, hereby certify that on this 19th day of July, 2011, I filed the foregoing Opposition with service via the Court's ECF system to be delivered electronically to:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

/s/ Michael Wiseman

_____

Michael Wiseman