_____

UNITED STATES OF AMERICA,          :          No. 10-CV-3074-LRR

       Respondent,          :          **CAPITAL 2255 PROCEEDINGS**

      -v-          :          HON. LINDA R. READE
                :          Chief U.S.D.J.

DUSTIN LEE HONKEN,          :

      Petitioner.          :

_____          :

**PETITIONER'S MOTION FOR DISCOVERY
AND ACCESS TO WITNESSES AND JURORS**

Petitioner, Dustin Lee Honken, through undersigned counsel, respectfully

moves for discovery relating to the claims raised in his Motion pursuant to 28

U.S.C. § 2255.  Petitioner further moves for access and permission to interview

certain jailhouse informants, currently unavailable to undersigned counsel, and to

each of the jurors who sat on Petitioner's trial.  In support of this motion, Petitioner

states:

1.      Now pending before this Court is Petitioner's *Memorandum of Law*

*and Supplemental Motion Pursuant to 28 U.S.C. § 2255*.  While Petitioner has

made factual proffers to support each claim in his § 2255 Petition to the extent he

is able, he requires the assistance of this Court to present the full factual picture of

1

some of his claims.  As noted above, Petitioner is seeking access to certain discovery from the Government, access to certain jailhouse informants, and this Court's permission to interview each of the trial jurors.  Petitioner shall address each one of these issues in turn.

## DISCOVERY

2.      The parties submitted a joint scheduling order to this Court on January 5, 2011.  Dkt. #9.  Pursuant to that order, discovery requests were to be made by the parties on March 1, 2011.  *Id.*  While the parties have complied with the order and have been making ongoing discovery disclosures in good faith since that time, Petitioner moves this Court to order disclosure of a small number of items about which the parties do not agree.

3.      Petitioner's discovery requests are governed by Rule 6 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.  Rule 6 states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  A post-conviction petitioner establishes "good cause" whenever "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy v. Gramley*, 520 U.S. 899, 908-

09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)).

4. When a petitioner establishes good cause, discovery must be allowed. The United States Supreme Court has explained that "[t]he very nature of the writ demands that [habeas proceedings] be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Harris*, 394 U.S. at 291. *Accord McDaniel v. United States District Court*, 127 F.3d 886, 888 (9th Cir. 1997) (where petitioner "presented specific allegations . . . [he was] entitled to discovery"); *Johnston v. Love*, 165 F.R.D. 444, 445 (E.D. Pa. 1996) ("[I]t is a court's obligation to allow discovery in cases in which a petitioner has provided a sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief."); *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991) ("Although discovery is permitted only by leave of the court, the court should not hesitate to allow discovery, where it will help illuminate the issues underlying the applicant's claim."). The policy of maintaining flexibility to protect against miscarriages of justice is particularly crucial here, as a court's "duty to search for constitutional error with painstaking care is never more exacting than it is in a capital case." *Kyles v. Whitley*, 514 U.S. 491, 422 (1995).

5. With the above standards in mind, Petitioner respectfully requests that

this Court order discovery of the following items:[1]

    A.     Discovery from the United States Marshals Service and other law enforcement agencies pertaining to Claim 3 (claiming violations of *Brady v. Maryland*, 373 U.S. 83 (1963)). Specifically, Petitioner requests a list of all Marshals Service personnel that were involved in the transportation of any jailhouse informants to or from the courthouse during the course of Petitioner's trial. Petitioner makes the same request for any other law enforcement agencies (including state and local agencies) who may have engaged in witness transportation. Petitioner then requests the opportunity to interview each of these law enforcement agents regarding said transportation, as he submits that it will support his allegation that jailhouse informant witnesses were transported together and colluded to conform their testimony to one another.

    B.     Discovery from the United States Marshals Service pertaining to Claim 18 (claiming that Petitioner's rights were violated through the use of oppressive and prejudicial security measures). Specifically, Petitioner requests access to information (including the ability to interview relevant Marshals Service personnel and any memoranda or other documents detailing the security measures in place) related to the security measures present at Petitioner's trial. Petitioner believes that this will enable him to show that extremely strict security measures were employed during trial, and that the jury was exposed to and prejudiced by these measures. *See also infra* (request to interview jurors about extraneous prejudicial influence of said security measures).

---

[1]With respect to both of these discovery requests, Petitioner is amenable to the receipt of this information under an appropriate protective order, which prevents disclosure of this information to anyone outside of undersigned counsel's office, including Petitioner himself.

4

6.      Petitioner has thus far done his best to locate and interview each of the jailhouse informants who cooperated with the prosecution.  Thus far, however, counsel have only been able to locate and interview five of said informant witnesses.  Petitioner submits that, even given this limited access, he has thus far demonstrated a significant pattern of non-disclosure of *Brady* material.  *See* Pet. Claim 3.  Petitioner submits that this showing should entitle him to access and interview those informant witnesses with whom he has thus far been unable to speak; namely, those witnesses currently in the Witness Security Program. Petitioner submits that Claim 3, as it currently stands, already sufficiently merits relief.  However, Petitioner is entitled to present to this Court the full contours of the claim.  As such, Petitioner requests the ability to access and interview the following individuals:[2]

A.      Joseph McGee

B.      Robert McNeese

C.      Ronald McIntosh

---

[2]As with the discovery requested in this motion, undersigned counsel is amenable to gaining access to these individuals under a protective order, which would provide for the non-disclosure of witness locations or other information outside of undersigned counsel's office, even to Petitioner himself.

5

D.   Fred Tokars

E.   Steve Vest

F.   Anthony Altimus

G.   Dean Donaldson

**PERMISSION TO INTERVIEW JURORS**

7.   Petitioner seeks this Court's permission to interview the jurors at Petitioner's trial.  Petitioner asserts that he has raised in his § 2255 Petition three non-speculative, prejudicial extraneous influences on the jury.  Specifically, Petitioner has asserted that the trial court had an emotional display in front of the jury during the presentation of victim impact evidence (*see* Pet. Claim 11), that Petitioner was prejudiced by the inclusion of a juror who was exposed to outside influences (*see* Pet. Claim 17), and that there were prejudicial security measures in place at Petitioner's trial to which jurors were exposed (*see* Pet. Claim 18). Petitioner requires this Court's permission to collect and present the evidence necessary to prove his claims.

8.   There are two primary sources of law that govern a party's ability to call a trial juror as a witness.  The first is N.D. Iowa L.R. 47 (hereinafter "Local Rule 47"), and the second is Fed. R. Evid. 606(b).  Local Rule 47 prohibits communication with jurors except by leave of court, and Rule 606(b) describes

6

what types of juror testimony are admissible in evidence.  Because the ability to interview a juror under Local Rule 47 "is simply a precursor to the attempted admission of testimony in an evidentiary hearing," the "contact under Local Rule 47 and the testimony under Rule 606(b) can be the practical equivalent of each other."  *United States v. El Herman*, 2008 U.S. Dist. LEXIS 23726 at *9 (N.D. Iowa 2008).  As such, Petitioner will discuss the two rules together.

9.      Fed. R. Evid. 606(b) prevents jurors from testifying as to certain matters.  The rule, however, does not preclude jurors from offering the type of testimony that Petitioner seeks to present in these proceedings.  In fact, the rule expressly permits jurors to testify as to "whether extraneous prejudicial information was improperly brought to the jury's attention" and as to "whether any outside influence was improperly brought to bear upon any juror."  *See also United States v. Caldwell*, 83 F.3d 954, 956 (8th Cir. 1996); *United States v. Honken*, 541 F.3d 1146, 1168-69 (8th Cir. 2008) (holding that Rule 606(b) permits jurors to testify as to the existence of extraneous information or outside influence, but not as to the effect of such information or influence).  This is precisely the type of information Petitioner seeks to present.

10.      The Eighth Circuit has stated that extrinsic or extraneous influences include "publicity received and discussed in the jury room, matters considered by

7

the jury but not admitted into evidence, and communications or other contact between jurors and outside persons." *United States v. Rodriguez*, 116 F.3d 1225, 1227 (8th Cir. 1997) (quoting *United States v. Bassler*, 651 F.2d 600, 602 (8th Cir. 1981)). Each of the claims made by Petitioner, and the resulting information he seeks via this motion, clearly fall within the category of "extraneous" as defined by Rule 606(b) and the Eighth Circuit.

11. Petitioner seeks to interview, and present evidence about, three specific extraneous influences on the jury. The first is the trial court's emotional display during victim impact testimony at the penalty phase, which is relevant to Claim 11 of the Petition. This is clearly extraneous information, as it was not admitted into evidence, nor was it the subject of proper consideration by the jury. The trial court itself indicated that further inquiry into this matter would be appropriate at a later time (*i.e.* during § 2255 proceedings). *See* Pet. 116-17; Tr. 3674 (court stating that the time for taking evidence on this issue "may come and probably will come at a later day.").

12. The second extraneous influence Petitioner seeks to investigate and present to the Court deals with the comments made to Juror 523 by her boss. This is clearly an extraneous influence, as the trial court already held a hearing on the issue. As noted in the Petition, however, this hearing was flawed, and Petitioner

8

seeks permission to fully and fairly litigate the issue.

13. The final influence deals with the issue of prejudicial security measures. *See* Pet. Claim 18. The security measures put in place by the trial court and the United States Marshals Service plainly are extraneous to the trial. They also, as set forth in the Petition, had the potential to severely prejudice Petitioner, as they would have represented a judicial/law enforcement determination that Petitioner was a very dangerous man. Petitioner has alleged that, on information and belief, the jury was exposed to these measures and was prejudiced thereby. The only way that he can prove this claim is by securing the testimony of individual jurors. *See Honken*, 541 F.3d at 1163 (direct appeal opinion implicitly stating that factual development on this issue is appropriate and necessary to prove the claim: "Honken presented no evidence any member of the jury was ever aware Honken was shackled and bolted to the floor during trial.").

14. With each of the three requested pieces of information he seeks, Petitioner has demonstrated "that outside contact with the jury presents a reasonable possibility of prejudice to the verdict." *United States v. Tucker*, 137 F.3d 1016, 1030 (8th Cir. 1998). As such, Petitioner respectfully requests that this Court grant him the access he seeks. Should this Court grant permission, counsel would conduct the interviews in a manner calculated to elicit only information

9

relevant to the claims advanced and that would be admissible under Rule 606(b).

Petitioner does not seek this permission for the purpose of a "fishing expedition" to

unearth speculative claims for relief. Rather, he has set forth specific, concrete

allegations that can be confirmed or denied through brief, direct interviews with

jurors.[3]

15. Undersigned counsel has conferred with counsel for the Respondent,

Assistant United States Attorney C.J. Williams, who has advised that he opposes

each of the above requests.

---

[3]Indeed, as noted above and in the Petition, the trial court in this matter has already stated on the record that inquiry into its emotional display is appropriate during § 2255 proceedings, the Eighth Circuit has implicitly stated that the testimony of jurors is permissible to discuss whether they observed the trial security measures, and the trial court has already granted some access and a hearing with respect to the juror 523 issue.

WHEREFORE, for the reasons stated above, Petitioner respectfully requests that this Court order discovery and grant Petitioner the access to jurors and cooperating witnesses as set forth in this motion.

Respectfully Submitted,

/s/ Michael Wiseman

_____

Michael Wiseman
Shawn Nolan
Timothy Kane
Capital Habeas Corpus Unit
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
Phone: 215-928-0520
Fax: 215-928-0826
michael_wiseman@fd.org

Dated:     August 15, 2011
           Philadelphia, PA

11

# Certificate of Service

I, Michael Wiseman, hereby certify that on this 15th day of August, 2011, I filed the foregoing Motion with service via the Court's ECF system to be delivered electronically to:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

/s/ Michael Wiseman

_____

Michael Wiseman