# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### Capital Habeas Unit

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

ELLEN T. GREENLEE
DEFENDER

PHONE NUMBER (215) 928-0520
FAX NUMBER   (215) 928-0826
FAX NUMBER   (215) 861-3508

LEIGH M. SKIPPER
CHIEF FEDERAL DEFENDER

March 1, 2011

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

**RE:   United States v. Dustin Honken**

Dear Mr. Williams:

In accordance with our proposed joint scheduling order (filed with the Court on January 5, 2011), we serve these discovery requests.

These requests are governed by Rule 6 of the Rules on Motion Attacking Sentence Under Section 2255 which states:

A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.

A post-conviction petitioner establishes "good cause" whenever "specific

1

GOVERNMENT EXHIBIT / C10-3074

allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). As the federal courts have found, a habeas petitioner may:

> invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so . . . A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief.

*United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004); *see also Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996) (holding that under the analogous standard of Rule 6 of the Rules Governing §2254 Cases, Mr. Toney was entitled to discovery to conduct DNA testing); *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) ("Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief.").

When a petitioner establishes good cause, discovery must be allowed. The Supreme Court has explained that "[t]he very nature of the writ [of habeas corpus] demands that [habeas proceedings] be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Harris v. Nelson*, 394 U.S. 286, 291 (1969); *see also Johnston v. Love*, 165 F.R.D. 444, 445 (E.D. Pa. 1996) ("it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry").

Since the purpose of post-conviction discovery "is to ensure that the facts underlying a [habeas] claim are adequately developed," discovery is appropriate whenever "a petitioner has provided a sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief." *Harris*, 394 U.S. at 291. Accordingly, a petitioner's discovery requests may not be denied "if there is a sound basis for concluding that the requested discovery might allow him to demonstrate" his entitlement to relief. *Id.* This is never more so than in the context of a capital case, where the unique finality and irreversibility of the sentence requires heightened procedural safeguards. *E.g., Kyles v. Whitley*, 514 U.S. 419, 422 (1995) (the "duty to search for constitutional error with painstaking care is never more

Case 3:10-cv-03074-LTS-KEM    Document 34-1    Filed 08/24/11    Page 2 of 7

exacting than it is in a capital case").

With these principles in mind, and incorporating by reference the grounds for relief set forth in his *Motion for Relief Pursuant to 28 U.S.C. § 2255*, Petitioner makes the following discovery requests.

## 1. Juror Information

Please provide any document[1] containing information regarding the jurors and/or alternates who sat on Petitioner's trial, including, but not limited to, Juror 523, her co-workers, her family members, and their legal counsel. You should redact juror names or other identifying information.

## 2. Co-operating Witnesses

The information listed below is requested for each of the following individuals:

> Anthony Altimus, Terry Bregar, William Dean, Dean Donaldson, Steven Ferguson, Daniel Frye, Anthony Johnson, Michael Kluver, Joseph McGee, Bobby McNeese, Ronald McIntosh, Dennis Putzier, Fred Tokars, Steven Vest.

A.   All documents containing information, statements, testimony and other details about co-operation by these individuals with federal or state law enforcement authorities;

B.   Criminal history of each of these informants;

C.   Any and all benefits received by these individuals – before, during, or after trial – in connection with their cooperation with the government in this case and/or in other cases;

---

[1]Whenever "document" is used in this request, we request memoranda, reports, notes or other writings, whether they are generated and/or maintained by hand, computer or are recorded on audio or video tape, or on other electronic medium.

3

Case 3:10-cv-03074-LTS-KEM   Document 34-1   Filed 08/24/11   Page 3 of 7

D.    Any records discussing, reflecting or shedding light on the credibility, bias, or reliability of each of these individuals;

E.    The present location of, and access to, each of the individuals who are currently in witness protection.[2]

**3.    Taint Team**

Please provide all documents containing information regarding the operation of the taint team, and how and under what circumstances Petitioner's "proffer" was disclosed to counsel for Angela Johnson.

**4.    Stun Belt**

Petitioner requests an opportunity to inspect the stun belt(s) worn by Mr. Honken, or a stun belt of the same manufacturer and model.

**5.    Angela Johnson**

A.    All documents not previously provided to trial counsel, regarding the investigation into Ms. Johnson's role in the crimes, mental health history, and history of violence and threats;

B.    All documents regarding an investigation into allegations that Ms. Johnson engaged in child abuse. *See* Interview - Rhonda Elaine Olszerski (Trial Discovery Bates Number A000712).

**6.    Computers**

All documents demonstrating the information, if any, obtained from the computers taken from the Duncan and Honken homes, including but not limited to information obtained through the use of Encase, or any other computer forensic security program. Petitioner will accept as an alternative access to the hard drives from these computers.

---

[2]We will receive this information under a protective order prohibiting redisclosure of it to any person outside of our litigation team, including Mr. Honken.

Case 3:10-cv-03074-LTS-KEM   Document 34-1   Filed 08/24/11   Page 4 of 7

7. **Terry DeGeus**

    A.    All documents reflecting or addressing Mr. DeGeus' cooperation with law enforcement in this case;

    B.    All documents pertaining to the investigation of Mr. DeGeus as a suspect in the murders of Greg Nicholson and the Duncans;

    C.    All documents reflecting Mr. DeGues' drug dealing, history of violence and threats, and/or any other criminal activity;

    D.    All documents reflecting Mr. DeGeus' attendance in drug rehabilitation programs. *See* Interview - Joann Louise Degeus (Trial Discovery Bates Number A002648).

8. **Jeffrey Honken**

    A.    All documents reflecting the role played by Jeffrey Honken in the alleged drug conspiracy, the continuing criminal enterprise, and any other criminal activity;

    B.    All documents reflecting benefits, promises, or assurances Jeffrey Honken received in this or any other criminal investigation in connection with his cooperation with the government in this case;

    C.    All documents reflecting the respective roles of, and relationship between, Jeffrey Honken and Dustin Honken in the alleged drug conspiracy, the continuing criminal enterprise, and any other criminal activity.

9. **Polygraph**

All documents regarding the polygraph testing administered to Mr. Honken on August 17, 2004, or to any other polygraph administered to witnesses, suspects or defendants regarding this action, including data and impressions of the polygraph examiner.

5

## 10. Mental Health Related Experts

Any documents generated by or provided to any mental health professional retained by the government in contemplation of testifying at the penalty phase of trial.

## 11. Inspection of Evidence

At a mutually agreeable time we request the opportunity to inspect all evidence gathered by the government in this prosecution whether admitted, including any drugs seized.

## 12. Drug Testing and Inspection

We request the opportunity to inspect testing logs for equipment utilized in testing the drugs, drug ingredients, drug-making equipment and/or drug paraphernalia confiscated in connection with this case and the investigation.

## 13. FBI 302 Reports

We request copies of all FBI 302 reports and so-called 1A reports generated in the investigation of this case, that were not previously provided to defense trial counsel.

## 14. Missing Discovery

A. Undersigned counsel have reviewed the materials provided to them by successor counsel and are missing the documents with the following Bates numbers:

A004777-A004791; A004830-A004831; A005257-A005268; A005353-A005516; A005520-A005524; A005533-A005538; A005954-A005969; A005989-A006007; A006014-A006018; A006022-A006029; A006031-A006036; A006042-A006051; A006053-A006054; A006133-A006148; A006233-A006234; B000001-B001973; B002191-B002275; B002293-B002303; E000321-E000323; J000710-J001341; P000001-P000247; T000001-T000733; Y000001-Y000007; Z000001-Z000047; CC1-8; DD1-12; DD13-14.

6

B.　Counsel also request confirmation that the following Bates numbers are the last in each series. In other words, we would like to be clear that there were no documents numbered after these numbers that we are missing:

A006376;　B002385;　C001383;　D000562;　E001115;
F000470;　G001278;　H000331;　I000644;　J001347;
K001068;　M0000682;　N000590;　O000599;　P000294;
Q000599;　R000946;　S000325;　T000742;　U002230;
V000022;　Y000013;　Z000051

## 15.　On-Going Brady Obligations

Because the prosecution's due process obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny continue in post-conviction, *Imbler v. Pachtman*, 424 U.S. 409, 427 n.25 (1976), Mr. Honken requests that the Government review all statements, FBI reports, and information that is in any way supportive of Mr. Honken's allegations, as contained in the § 2255 Motion. Mr. Honken recognizes that the Government provided a great deal of discovery materials to trial counsel and that most of this discovery is in the possession of undersigned counsel. Given that the current § 2255 claims concern specific contested issues not raised by trial counsel, however, this request seeks materials that were not included in trial discovery but which are in any way relevant to the issues raised in the current proceedings.

Thank you for your consideration in providing this discovery at your earliest convenience.

Yours,

/s/ Michael Wiseman

Michael Wiseman
Shawn Nolan
Timothy Kane
Counsel for Mr. Honken

Case 3:10-cv-03074-LTS-KEM　　Document 34-1　　Filed 08/24/11　　Page 7 of 7