Westlaw.

187 F.3d 635, 1999 WL 623354 (C.A.6 (Ky.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**(Cite as: 187 F.3d 635, 1999 WL 623354 (C.A.6 (Ky.)))**

**H**
NOTICE: THIS IS AN UNPUBLISHED OPIN-
ION.

(The Court's decision is referenced in a "Table of
Decisions Without Reported Opinions" appearing
in the Federal Reporter. Use FI CTA6 Rule 28 and
FI CTA6 IOP 206 for rules regarding the citation of
unpublished opinions.)

United States Court of Appeals, Sixth Circuit.
Antonio Jose FRANCO, also known as Antonio
Rivera, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Ap-
pellee.

No. 98-5702.
Aug. 9, 1999.

Before NELSON and MOORE, Circuit Judges;
ROSEN, District Judge. FN*

FN* The Honorable Gerald E Rosen
United States District Judge for the Eastern
District of Michigan, sitting by designation

*ORDER*
**\*1** Antonio Jose Franco appeals a district court
order denying his motion to vacate sentence filed
under 28 U S C § 2255 The case has been referred
to a panel of the court pursuant to Rule 34(j)(1).
Rules of the Sixth Circuit Upon examination, this
panel unanimously agrees that oral argument is not
needed Fed R App P 34(a)

In 1988, a jury convicted Franco of conspiring
to distribute cocaine in violation of 21 U.S C. § 846
and aiding and abetting the possession of cocaine
with intent to distribute in violation of 21 U S C §
841(a)(1) and 18 U S C § 2 The district court sen-
tenced Franco to 189 months of imprisonment On
appeal, this court affirmed his convictions and sen-

tence *United States v. Franco.* Nos. 88-5349, etc.,
1989 WL 73655 (6th Cir. July 6, 1989) (per curi-
am), *cert. denied,* 493 U.S. 940 (1989)

In March 1996. Franco filed his § 2255 motion,
alleging that 1) the district court improperly en-
hanced his Sentencing Guidelines range by three
points pursuant to USSG § 3B1 1(b) In an amended
motion, Franco also argued that: 2) his indictment
was defective, and 3) his counsel rendered ineffect-
ive assistance by not challenging the indictment.
The district court adopted the magistrate judge's re-
port and recommendation and denied Franco's mo-
tion as meritless. The court subsequently denied
Franco's motion for reconsideration. Franco has
filed a timely appeal.

We note initially that Franco did not file objec-
tions to the magistrate judge's report and recom-
mendation with the district court. Generally, a party
who does not file objections to a magistrate judge's
report waives his right to appeal any issues ad-
dressed in that report. See *Thomas v. Arn,* 474 U.S.
140, 155 (1985). However, the respondent has
noted that it received a copy of Franco's objections
shortly after the issuance of the report. Further,
Franco has submitted a copy of the objections,
which reflect that they were prepared shortly after
he received the report, and he avers that he mailed
these objections to the district court. Although it is
not clear why Franco's objections were never filed
with the court, it does appear that he prepared
timely objections to the report. Consequently, ex-
ceptional circumstances are present which warrant
an exception to the rule of waiver in the interests of
justice See *id.*

We also note that Franco does not raise on ap-
peal his argument concerning the district court's
failure to award him the three-point reduction under
USSG § 3B1.1. Consequently, this argument is con-
sidered abandoned and not reviewable. See *Robin-
son v. Jones,* 142 F.3d 905, 906 (6th Cir.1998)
(order)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

187 F.3d 635, 1999 WL 623354 (C.A.6 (Ky.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 187 F.3d 635, 1999 WL 623354 (C.A.6 (Ky.)))

Upon review, we conclude that the district court properly denied Franco's motion to vacate sentence In reviewing a district court's denial of a § 2255 motion, this court renders de novo review of the district court's legal conclusions and will uphold the court's factual findings unless they are clearly erroneous See *Gall v. United States,* 21 F 3d 107, 109 (6th Cir.1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict See *Brecht v. Abrahamson,* 507 U S 619, 637 (1993). *Fatr v. United States,* 157 F.3d 427, 430 (6th Cir1998)

*2 Franco is barred from seeking relief on his challenge to the indictment because he did not raise this claim in his direct criminal appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Franco demonstrates cause and actual prejudice to excuse his failure to raise the claim previously. See *Bousley v. United States,* 523 U.S. 614, ____, 118 S.Ct. 1604, 1610-11 (1998). Franco alternatively may obtain review of his claim by showing that he is actually innocent of the crime. See *id.* at 1611-12. Franco does not argue cause to excuse his failure to raise his claim on direct appeal. Further, he has not demonstrated prejudice because his claim, as discussed below, is without merit. Additionally, he has not demonstrated that he is actually innocent of his crimes. Franco's ineffective assistance of counsel claim is properly raised in his motion to vacate because such claims generally are not reviewable on direct appeal. See *United States v. Hill,* 142 F.3d 305, 308 (6th Cir.), *cert. denied,* 119 S.Ct. 225 (1998).

Franco's challenge to his indictment is meritless. A presumption of regularity attaches to a grand jury's proceedings and the defendant has the burden of demonstrating that an abuse has occurred See *United States v. Brettkreutz,* 977 F.2d 214, 217 (6th Cir.1992) Although Franco hypothesizes that the indictment was not properly returned, he presents no facts or evidence to support this assertion While he alleges that the foreman did not sign the indictment and that it was not returned in open court, a review of the indictment reveals that his claims are inaccurate. Therefore Franco has not overcome the indictment's presumption of regularity.

Franco's ineffective assistance of counsel argument is also without merit. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable See *Strickland v. Washington,* 466 U S 668. 687 (1984) While Franco argues that his counsel rendered ineffective assistance by not challenging the indictment, he suffered no prejudice because he has not presented any evidence that the indictment was defective.

Lastly, Franco argues that the district court improperly denied his request for discovery For good cause shown, the district court has the discretion to permit discovery in a habeas proceeding See Rule 6(a). Rules Governing Section 2255 Proceedings for the United States District Courts However, to be permitted discovery, the habeas petitioner must present specific allegations which give reason to believe that, if the facts are fully developed, he may be entitled to habeas relief. See *Lynott v. Story,* 929 F.2d 228, 232 (6th Cir.1991). While Franco seeks discovery documents pertaining to the issuance of his indictment, he has made only vague and conclusory assertions about the indictment's alleged deficiencies. Therefore, the district court did not abuse its discretion in denying his discovery request.

*3 Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

C.A.6 (Ky.),1999.
Franco v. U.S.
187 F.3d 635, 1999 WL 623354 (C.A.6 (Ky.))

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

187 F.3d 635, 1999 WL 623354 (C.A.6 (Ky.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**(Cite as: 187 F.3d 635, 1999 WL 623354 (C.A.6 (Ky.)))**

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.