Westlaw.

44 Fed.Appx. 22, 2002 WL 1726910 (C.A.8 (Mo.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 44 Fed.Appx. 22, 2002 WL 1726910 (C.A.8 (Mo.)))**

**H**
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Eighth Circuit Rules 28A, 32.1A. (Find CTA8 Rule 28A and Find CTA8 Rule 32.1A)

United States Court of Appeals,
Eighth Circuit.
William Patrick GRIFFIN, Movant-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.

No. 01-2486.
Submitted May 15, 2002.
Decided July 26, 2002.

Federal inmate filed motion to vacate following conviction of unauthorized transfer of food stamps, affirmed at 215 F.3d 866. The United States District Court for the Eastern District of Missouri denied movant's request for discovery, and denied motion. Movant appealed. The Court of Appeals held that District Court did not err in denying motion without granting requested discovery.

Affirmed.

West Headnotes

**Criminal Law 110 ☞1590**

110 Criminal Law
 110XXX Post-Conviction Relief
  110XXX(C) Proceedings
   110XXX(C)1 In General
    110k1590 k. Discovery and Disclosure. Most Cited Cases
 District Court did not err in denying inmate's motion to vacate without granting requested discovery, where inmate had no evidence refuting government's sworn statement that evidence at issue was not withheld from defense prior to or at trial, in violation of *Brady*, he failed to show that he was sufficiently diligent in searching for that evidence before trial, and he failed to show that the evidence was material and likely to produce an acquittal if new trial was granted. 28 U.S.C.A. § 2255.

**\*22** Appeal from the United States District Court for the Eastern District of Missouri.

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

[UNPUBLISHED]
PER CURIAM.
 **\*\*1** William Patrick Griffin appeals the denial of his motion for post-conviction relief under 28 U.S.C. § 2255. Griffin was convicted after a jury trial for the unauthorized transfer of food stamps in violation of 7 U.S.C. § 2024(b). Griffin admitted he sold food stamps to Jacqueline Murphy for ninety-five percent of their face value. But he claimed Murphy was his employer and he thought it was appropriate to redeem food stamps in this manner. Murphy had been a participant in more widespread food stamp fraud. When caught, she cooperated and testified for the government, repeatedly denying that Griffin was her employee. Additional background facts are set forth in our opinion affirming the conviction on direct appeal. *United States v. Griffin,* 215 F.3d 866 (8th Cir.2000).

After Griffin was sentenced to nine months in prison, but before he commenced serving this sentence, he discovered in the files of the Country Fed Meat Company a copy of a letter dated April 3, 1997, addressed to "U.S.D.A. Food and Nutrition" and appearing to bear Jacqueline Murphy's signature. The letter declared that Murphy was licensed to redeem food stamps, that she was "disassociating" from Country Fed Meat Company,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

44 Fed.Appx. 22, 2002 WL 1726910 (C.A.8 (Mo.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 44 Fed.Appx. 22, 2002 WL 1726910 (C.A.8 (Mo.)))

and that she would be operating as Jacque's Meat Company with William Griffin as one of her two "sales agents." Griffin then filed this § 2255 motion, claiming the letter is newly discovered evidence establishing that he was Murphy's employee and impeaching Murphy's*23 contrary trial testimony. Griffin accompanied his § 2255 motion with a request that the Department of Agriculture produce this letter and other documents, and a Motion for Leave To Conduct Discovery "to discover whether Jacqueline Murphy will admit that she authored" the letter. The government responded with an affidavit declaring that U.S.D.A.'s file relating to Jacque's Meat Company was introduced at trial, the letter was not in that file, and a further careful review of Food and Nutrition Service records failed to uncover the original or a copy of the letter.

The district court denied Griffin's request for discovery and his § 2255 motion, concluding he had failed to satisfy the stringent standards for a new trial based upon newly discovered evidence-that a reasonably diligent effort would not have uncovered the letter prior to trial, and that this new evidence would probably result in acquittal. On appeal, Griffin argues the district court erred in denying his § 2255 motion without granting the requested discovery. We disagree. Griffin strives to fit his claim under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), but he has no evidence refuting the government's sworn statement that the Murphy letter was never in U.S.D.A. files and thus was not withheld from the defense prior to or at the trial. As for Griffin's claim based upon newly discovered evidence, we agree with the district court that he failed to make the requisite showing that he was sufficiently diligent in searching for this evidence before trial, and that the new evidence "is material, more than merely cumulative or impeaching, and likely to produce an acquittal if a new trial is granted." *United States v. Dogskin,* 265 F.3d 682, 685 (8th Cir.2001). The discovery Griffin requested would not have overcome these deficiencies.

**2 The orders of the district court dated May 8, 2001, are affirmed.

C.A.8 (Mo.),2002.
Griffin v. U.S.
44 Fed.Appx. 22, 2002 WL 1726910 (C.A.8 (Mo.))

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.