# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DUSTIN LEE HONKEN,<br><br>　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C10-3074-LRR<br>No. CR01-3047-LRR<br><br>ORDER |

　　　　This matter appears before the court on the government's motion for a court order regarding its mental health evaluation of the movant (docket no. 27). The government filed such motion on July 18, 2011. The movant filed a resistance (docket no. 28) on July 19, 2011.

　　　　In the instant motion, the government seeks an order that (1) directs the movant to submit to the evaluation without the presence of counsel and (2) directs the movant to submit to the evaluation without it being recorded. The court concludes that there is no need to have counsel present during the movant's mental health evaluation. Neither the rights guaranteed by the Fifth Amendment nor the rights guaranteed by the Sixth Amendment require counsel's presence. *See generally Johnson v. United States*, 2010 U.S. Dist. LEXIS 25347, at *36-42 (N.D. Iowa 2010) (discussing Fifth Amendment and Sixth Amendment). In addition, the court concludes that it is not necessary to produce a video or audio recording of the evaluation because the movant cites no authority that stands for such proposition and the government's expert has expressed a desire to not have the evaluation recorded. Accordingly, the court shall grant the government's motion for a court order regarding its mental health evaluation of the movant.

**IT IS THEREFORE ORDERED**:

1) The government's motion for a court order regarding its mental health evaluation of the movant (docket no. 27) is granted. The movant is directed to submit to the evaluation without it being recorded, and the movant is directed to submit to the evaluation without the presence of counsel. As agreed to by the government, the movant may consult with counsel before and after the evaluation. Counsel, however, will not be permitted in the room during the evaluation. Apart from the government's expert and any assistant(s) of such expert, no other person may be present during the evaluation.[1]

2) The evaluation is limited to the issues that are raised in ground nine of the movant's motion to vacate, set aside or correct sentence. The results of the evaluation are not to be disclosed to anyone other than the parties, the parties' attorneys and the parties' expert witnesses. In the event that disclosure to any other person is necessary, the party seeking such disclosure must obtain permission from the court.

**DATED** this 24th day of August, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court's restrictions on who may be in the room does not pertain to personnel of the Bureau of Prisons. Nothing in the instant order is intended to interfere with the regular policies and practices of the Bureau of Prisons.