**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 10-CV-3074-LRR |
| | : | |
| Respondent, | : | **CAPITAL 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. LINDA R. READE |
| | : | Chief U.S.D.J. |
| DUSTIN LEE HONKEN, | : | |
| | : | |
| Petitioner. | : | |

_____ :

**PETITIONER'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY
AND ACCESS TO WITNESSES AND JURORS**

Petitioner is entitled to the relief he seeks through his *Motion for Discovery and Access to Witnesses and Jurors*. He files this Reply to briefly address some of the Government's arguments in opposition.

**DISCOVERY**

1.      Petitioner seeks discovery from the United States Marshals Service relating to the transportation of government informant witnesses and security measures employed at trial. The government initially responds that these requests are untimely. With respect to the informant witnesses, Petitioner requested in his March 1, 2011 letter "[a]ny records discussing, reflecting or shedding light on the credibility, bias, or reliability of each of" these witnesses. Govt. Resistance Ex. 1 at 4. Information that may indicate that these witnesses conferred to alter or manufacture their testimony certainly is encompassed by this request. While the March 1 letter did not specifically request security information, that specific request was made on August 15, which is still several months prior to the scheduled hearing in this matter. Should this Court deem the

1

request to be proper, the Government will suffer no prejudice because this request was made more recently.

2.     The Government responds to the merits of these requests by alleging a discovery standard that is far more onerous than that contemplated by the Rules Governing Section 2255 Proceedings or by the Supreme Court.  The Government would effectively require Petitioner to conclusively prove every element of his claims in order to demonstrate that he is entitled to develop evidence supporting those claims, rather than establishing he has "good cause" for making his request and a good faith belief that such evidence exists.

3.     Here, Petitioner has requested specific evidence and provided specific allegations in his Petition and Motion "show[ing] reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).[1]  As *Bracy* makes clear, once a habeas petitioner alleges a constitutional claim and articulates how the evidence sought supports the claim, he is entitled to discovery. The Supreme Court emphasized in *Bracy* that the potentially discoverable evidence in that case supported what was "just a theory at this point," *id*. at 908, and it was precisely in order to obtain the evidence to support that theory of the constitutional violation that discovery was required.

4.     Regarding Petitioner's request for information on security measures, the Government offers three additional responses that miss the mark.  The Government first claims that Petitioner has not offered anything to "overcome" the contrary allegations and affidavit offered by the Government in its response to Petitioner's § 2255 Petition.  Govt. Resistance 9.

---

[1]Indeed, with respect to Petitioner's claim that Government informant witnesses were transported together to trial, the Government concedes that this allegation is likely correct.  Govt. Resistance 5-6.

Evidentiary determinations are not made at the pleadings stage. The existence of a factual dispute between the parties simply highlights the need for discovery and factual development, rather than defeats it. Second, the Government makes the claim that Petitioner's request for security information discovery is overbroad in that it "would encompass security measures that had nothing to do with operations at the courthouse." *Id.* at 10. This concern is easily allayed, as Petitioner is of course not seeking any information on security measures that have nothing to do with operations at the courthouse and the Court could fashion a discovery order that would lead only to the disclosure of information relevant to the claims raised. The Government concludes by claiming that providing discovery on security measures will be overly burdensome. Whatever difficulties may exist, however, must be balanced against Petitioner's right not to be executed after an unconstitutional trial. Petitioner submits that the potential burden that the government may incur, while perhaps significant, is clearly outweighed by respect for Petitioner's constitutional rights in this capital case.

**ACCESS TO WITNESSES**

5. In response to Petitioner's request for access to informant witnesses in the Witness Security Program, the Government responds that Petitioner "has alleged no facts establishing any reason to believe these witnesses possess information that would support his claims." Govt. Resistance 13. The Government's proposed discovery scheme would create a true Catch-22 for any habeas petitioner. It cannot be the case that in order to gain access to an inaccessible witness, a habeas petitioner must first divine precisely what that witness will say. Such a rule would create an insurmountable barrier to any habeas petitioner's ability to interview any individual in the Witness Security Program.

3

6.      Petitioner has instead proffered the information he has thus far been able to collect, given his limited access.  Although the parties of course disagree as to the merits of Petitioner's *Brady* claim, Petitioner submits that the pattern of overreaching demonstrated by the available evidence must be enough to entitle Petitioner to fully explore this claim.[2]

### ACCESS TO JURORS

7.      Here again, the Government argues the Court should not permit Petitioner to conduct limited juror interviews by attempting to set forth a substantially over-burdensome standard that a habeas petitioner must meet before being granted discovery.  *See* ¶¶ 2-3, *infra*.  Moreover, the Government's other objections to Petitioner's Motion do not justify denial of Petitioner's discovery request.  As set forth in the Motion, should the Court grant his request, Petitioner will interview the jurors from his trial regarding the trial court's emotional display during the victim impact presentation, the inclusion of a juror who was exposed to outside influences, and the heightened security measures in and around the courthouse.  Mot. 6-12.

8.      Although the Government acknowledges that Petitioner has set forth the correct legal standard for the admissibility of testimony under Rule 606(b), it claims Petitioner intends to circumvent the rule because Petitioner's counsel stated in an email that "[w]e believe that the jurors may have relevant information related to the <u>impact</u> of security measures, and the judge's alleged emotional display during penalty, and the <u>impact</u> of the Juror 523 incident on the other jurors."  Govt. Resistance 17-18 & Ex. 2 (emphasis added by the Government).  Petitioner acknowledges, as he stated in his original discovery motion, that the Eighth Circuit has ruled that

---

[2]The Government also claims, again, that the production of witnesses would be overly burdensome.  As noted above, whatever burden this may place on the Government is outweighed by respect for Petitioner's constitutional rights in a capital case.

Rule 606(b) precludes jurors from testifying as to the effects of extraneous influences. Mot. 7 (citing *United States v. Honken*, 541 F.3d 1146, 1168-69 (8th Cir. 2008)). The rule expressly permits jurors to testify as to the existence of extraneous influences, which certainly qualifies as "relevant information related to the impact" of those influences. Undersigned counsel is aware of the governing law in this area and would conduct the interviews in accordance with such law.

9. The Government also contends that Petitioner should not be permitted to interview jurors because there are other witnesses – defense counsel, court personnel and the judge – who can establish the existence of any extraneous influences. Govt. Resistance 18-19. The fact that defense counsel or court personnel may have viewed the trial court's emotional display is irrelevant. What matters is whether jurors viewed the court's emotional display. The only way to make this determination is to present testimony from the jurors.

WHEREFORE, for the reasons stated above and in his previously-filed discovery motion, Petitioner respectfully requests that this Court order discovery and grant Petitioner the access to jurors and cooperating witnesses.

Respectfully Submitted,

/s/ Shawn Nolan
Shawn Nolan
Timothy Kane
Capital Habeas Corpus Unit
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
Phone: 215-928-0520
Fax: 215-928-0826
shawn_nolan@fd.org

**Certificate of Service**

I, Shawn Nolan, hereby certify that on this 30th day of August, 2011, I filed the foregoing Motion with service via the Court's ECF system to be delivered electronically to:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825


/s/ Shawn Nolan
Shawn Nolan