# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

DUSTIN LEE HONKEN,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C10-3074-LRR
No. CR01-3047-LRR

ORDER

___

This matter appears before the court on the scheduling order that Dustin Lee Honken ("the movant") and the government filed on January 5, 2011.

The movant's pre-hearing brief is due on September 15, 2011 and the government's pre-hearing brief is due on September 30, 2011. Additionally, the movant's post-hearing brief is due on December 5, 2011, the government's post-hearing brief is due on January 5, 2012 and the movant's post-hearing reply brief is due on February 17, 2012. In light of the extensive briefs that the parties have already submitted, the court deems it appropriate to set a page limit for the additional briefs that the parties are required to submit. The parties' pre-hearing briefs are limited to 50 pages, the parties' post-hearing briefs are limited to 80 pages and the movant's post-hearing reply brief is limited to 40 pages.

Further, the parties need not brief any further either the movant's cumulative error claim or the movant's manner of execution claim. With respect to the former claim, it is clear in the Eighth Circuit that an error must establish on its own that relief is warranted. *See United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) (citing *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006)); *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir.

2002) (citing *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996)). Consequently, the movant is unable to rely on a cumulative error theory in order to obtain relief under 28 U.S.C. § 2255. *Id*. Concerning the latter claim, the parties agree that it is not ripe. In addition, the court concludes that it lacks jurisdiction to consider an attack on the manner of execution. *See Gravink v. United States*, 549 F.2d 1152, 1153-54 (8th Cir. 1977) (concluding that a manner of execution claim is not cognizable under 28 U.S.C. § 2255 and such claim is properly asserted under 28 U.S.C. § 2241 in the district where the movant is in custody). Based on the foregoing, the court deems it appropriate to dismiss the movant's 20th claim and 21st claim.

Lastly, the court deems it appropriate to notify the parties that it considered the benefits associated with having the movant present during his hearing and the safety and security concerns that the movant's presence raises. In light of the record, the court finds that the movant's presence during the October 31, 2011 to November 4, 2011 hearing is not required or necessary. The court will not order the United States Marshal to provide for the movant's personal appearance at the hearing. If he elects to testify during his hearing, the movant may do so by telephone conference or video conference through the Federal Bureau of Prisons.

**IT IS THEREFORE ORDERED**:
(1) The parties are directed to comply with the page limitations that are set forth above.
(2) The movant's 20th claim and 21st claim are dismissed.

(3) The movant's attorneys are directed to consult with the Federal Bureau of Prisons to make sure that the movant is available during the October 31, 2011 to November 4, 2011 hearing period.

**DATED** this 12th day of September, 2011.

*[signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA