# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

_____
                          :

UNITED STATES OF AMERICA,        :     No. 3:10– cv– 3074 (LRR)
                          :

           Respondent,      :    **CAPITAL 2255 PROCEEDINGS**
                          :

         -v-                :     HON. LINDA R. READE
                          :        CHIEF U.S.D.J.

DUSTIN LEE HONKEN,         :
                          :

           Petitioner.       :
_____  :

### PETITIONER'S RENEWED MOTION FOR DISCOVERY REGARDING GOVERNMENT INFORMANT WITNESSES

Petitioner, Dustin Honken, respectfully renews his request for discovery regarding Government informant witnesses.  In support of this request, Petitioner states as follows:

1.     Petitioner filed a motion for discovery (Doc. 32) on August 15, 2011. The government filed a resistance (Doc. 34) on August 24, 2011, and Petitioner filed a reply (Doc. 36) on August 30, 2011.  The Court largely denied Petitioner's motion on September 28, 2011 (Doc. 41), with the exception that it found "it should permit the movant an additional opportunity to request appropriate discovery that pertains to the witnesses who are in the WitSec program because

1

requesting appropriate discovery is especially important in cases that involve the penalty of death." Id. at 11.

2.     As such, Petitioner hereby renews his request for access to the witnesses currently located in the WitSec program. Petitioner notes, at the outset, that the information provided by witnesses Johnson, Bregar, and Putzier includes not simply allegations that government informant witnesses colluded with one another (both Bregar and Putzier indicate this). Petitioner has also proffered that government agents pressured these witnesses into offering information (all three informants indicate this, although Bregar states that he did not succumb to the pressure), that agents stated that the witnesses could or would be charged with crimes if they did not cooperate (both Johnson and Putzier indicate this), and that the witnesses were offered leniency from these uncharged crimes if they did cooperate (again, both Johnson and Putzier indicate this).

3.     In light of the information offered by Putzier, Bregar, and Johnson, Petitioner has requested access to the remaining government informant witnesses, and has argued that the consistent pattern of information provided by the witnesses thus far interviewed entitles him to such access. While the Court has denied this request, Petitioner finds himself in a catch-22 with regard to what proffer to present to the Court in this renewed discovery request. While it is true that

2

Petitioner has been unable to make a specific proffer as to what information each WitSec witness will offer, this is because he has been unable to speak with them. Petitioner can do nothing but rely on the pattern of information given by those witnesses to whom he has had access and state that this pattern creates an increased likelihood that those to whom he has not yet had access would provide information that would further support his *Brady* claim. The greatest degree of specificity that Petitioner can supply at this time is that there is a reasonable likelihood that the witnesses to whom he has not yet had access would provide information that a) they were pressured by government agents into providing testimony against Petitioner; b) they were told they would face criminal charges if they did not provide information; c) they were offered lenience from these uncharged acts in exchange for their testimony; d) their testimony, in whole or in part, was incorrect due to this influence; e) their testimony, in whole or in part, came as a result of information that was initially provided to them by law enforcement agents; and/or f) they were in the presence of other government informant witnesses at some point during the long course of proceedings against Petitioner and colluded with them to provide consistent testimony in an attempt to secure benefits from the government

    4.     Petitioner further notes that information of the type Petitioner seeks

3

(and has already been provided by Johnson, Putzier, and Bregar) is not likely to be documented.[1] It is for this reason that Petitioner maintains that interviews of the WitSec witnesses are necessary. Petitioner is amenable to having these interviews conducted under whatever protective measures the Court deems necessary.

5. Petitioner submits that the next best alternative would be to simply have the WitSec witnesses subpoenaed and have them testify under oath at the upcoming hearing.[2] Were the Court unwilling to allow for this alternative, counsel would propose that the Court itself pose questions to the WitSec witnesses, either in writing, in person, or by video transmission, that are designed to ascertain whether and to what extent they may have information that would further support Petitioner's *Brady* claim. Should the Court elect to follow this course of action, Petitioner would request the opportunity to submit a detailed set of questions for each witness.

---

[1]To the extent that there is any documentation of any of the type of information Petitioner seeks, either in the possession of the United States Attorney's Office, a federal or state law enforcement agency, the Witness Protection Program, or the Bureau of Prisons, Petitioner renews his request to access to this material, or at a minimum to have the Court review this material *in camera*.

[2]If the Court grants this request, the government could file a motion for a writ of habeas corpus ad testificandum under seal and *ex parte* so that the location of these witnesses would not be revealed.

4

6.      Counsel for the government opposes this motion.


WHEREFORE, for the reasons stated above, Petitioner respectfully renews his request for discovery and access to those government informant witnesses to whom he has not yet been able to speak.


Respectfully Submitted,


/s/ Shawn Nolan
Shawn Nolan
Capital Habeas Corpus Unit
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
215-928-0520

Dated:      Philadelphia, Pennsylvania
                  October 6, 2011

## <u>Certificate of Service</u>

I, Shawn Nolan, hereby certify that on this 6th day of October, 2011, I filed the foregoing Motion with service via the Court's ECF system to be delivered electronically to:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

/s/ Shawn Nolan
Shawn Nolan