**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

_____

|                                   |   |                          |
|-----------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA,         | : | No. 10-CV-3074-LRR       |
|                                   | : |                          |
| Respondent,                       | : | **CAPITAL 2255 PROCEEDINGS** |
|                                   | : |                          |
| -v-                               | : | HON. LINDA R. READE      |
|                                   | : | Chief U.S.D.J.           |
| DUSTIN LEE HONKEN,                | : |                          |
|                                   | : |                          |
| Petitioner.                       | : |                          |

_____

### NOTICE BY PETITIONER'S COUNSEL TO THE COURT

Petitioner's undersigned counsel respectfully submits this Notice to the Court, as follows:

Petitioner informed undersigned counsel this weekend that he wishes to withdraw the claim contained in his Amended § 2255 Motion alleging ineffective assistance of counsel at the penalty phase of trial (Claim 9), and that he may wish to withdraw other claims as well.

As officers of the Court, counsel informs the Court of this development given the gravity of Petitioner's request and in light of the significant time and expense that the parties and the Court are expending in preparation for next week's hearing. Counsel respectfully suggests that the hearing, and the scheduled litigation of this case in general, proceed as planned.

Counsel has not had the opportunity to consult in-person with Petitioner or to research fully the legal implications of Petitioner's request. Undersigned counsel nonetheless believes, as discussed briefly herein, that Petitioner's request is subject to change, untimely, and not rational.

Counsel believes that Petitioner's request is subject to change. Counsel has not had an

1

opportunity to discuss Petitioner's request with him in-person, and counsel's first opportunity to do so will be this Thursday, October 27, 2011. Counsel is hopeful that, at that time, Petitioner will revoke his request and recognize that proceeding with his claims is in his best interests.

A later change of heart is also possible, and under Eighth Circuit law, this possibility requires the Court to complete merits review as previously contemplated. In *Smith v. Armontrout*, 865 F.2d 1515 (8th Cir. 1989) (en banc), after Smith waived habeas review of his death sentences, purported "next friends" appealed to the Eighth Circuit. The Circuit affirmed the District Court's finding that Smith was competent to waive habeas corpus relief, dismissed the appeals, and dissolved the stays of execution. *Id*. at 1515-16. After the Eighth Circuit's mandates issued, however, Smith changed his mind and wrote the Circuit "expressing his desire to prosecute the remedies provided by law." *Id.* at 1516. The Eighth Circuit recalled the mandates, reinstated the appeals, and remanded to the District Court for "proceedings on the merits." *Id.* at 1516-17.

Here, the parties are in the midst of "proceedings on the merits," and the hearing will be completed next week. This process should not be interrupted, because such an interruption could end up requiring that the merits proceedings re-start in the future, if Petitioner later decides to pursue previously waived claims. *See id*.[1] Such vacillating wishes are not uncommon in capital

---

[1]*See also St. Pierre v. Cowan*, 217 F.3d 939, 950 (7th Cir. 2000) (denying capital habeas appellant's motion to waive appeal, remanding for merits review, and observing that, in capital cases, "not only the defendant but society as a whole has a particularly strong interest in the regularity of the proceedings that are followed. . . . [and the] proceedings will go forward more quickly, and they will conclude in a result recognized by all to be legitimate," only if the claims are addressed on the merits).

2

litigation.  *See, e.g.*, *Bronshtein v. Horn*, 404 F. 3d 700, 705 (3d Cir. 2005) (Alito, J.).

Additionally, as a general matter, *counsel* is charged with deciding which claims to raise and with managing the litigation.  *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) (counsel has authority to manage most aspects of litigation without obtaining defendant's approval); *Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988) (same); *Rompilla v. Beard*, 545 U.S. 374, 381 (2005) (even where defendant was "actively obstructive" of counsel's efforts, counsel must fulfill obligation to investigate and present defendant's mitigation case).

Counsel also believes that Petitioner's request is untimely.  The claim(s) at issue was/were first pled in December 2010, the amended claims were pled in June 2011, and next week's hearing has been scheduled since December 2010.  *See* Doc. Nos. 1, 4, 19.  Petitioner's request amounts to an untimely request to amend his § 2255 Motion.  *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir.1987).

Finally, although counsel has yet to discuss Petitioner's request with him in person, there is evidence that Petitioner suffers from emotional and psychological impairments, which may have given rise to his request.

Earlier this evening, undersigned counsel conferred with counsel for the Government, C.J. Williams, Esq., about this development, and Mr. Williams is in agreement that the hearing should move forward as scheduled.

Respectfully Submitted,

/s/ Shawn Nolan
Shawn Nolan
Timothy Kane
Capital Habeas Corpus Unit
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
Phone: 215-928-0520
Fax: 215-928-0826
shawn_nolan@fd.org
timothy_kane@fd.org

4

**Certificate of Service**

I, Shawn Nolan, hereby certify that on this 24th day of October, 2011, I filed the foregoing Notice with service via the Court's ECF system to be delivered electronically to:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

/s/ Shawn Nolan
Shawn Nolan