IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN LEE HONKEN,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. CV10-3074-LRR<br>No. CR01-3047-LRR<br><br>ORDER ON RENEWED MOTION<br>FOR DISCOVERY |

_____

   This matter appears before the court on Dustin Lee Honken's renewed motion for discovery (civil docket no. 46). Dustin Lee Honken ("the movant") filed such motion on October 6, 2011. The government filed a resistance (civil docket no. 49) on October 13, 2011. The movant did not file a reply.

   In its order dated September 28, 2011, the court, in part, stated:

> Although it will not permit the movant to interview all of the witnesses who are in the WitSec program merely to determine if they could provide information that might support his claims, the court finds that it should permit the movant an additional opportunity to request appropriate discovery that pertains to the witnesses who are in the WitSec program because requesting appropriate discovery is especially important in cases that involve the penalty of death. If information about a particular witness who is in the WitSec program exists and it is relevant to the movant's allegation that jailhouse informants colluded, the movant may move the court to allow him to conduct discovery. In accordance with Rule 6 of the Rules Governing Section 2255 Proceedings, the movant is encouraged to make specific requests and to provide reasons for his requests. In the event that an appropriate discovery request is received, the court will conduct proceedings in camera. As part of those proceedings, the

> court may elect to interview or examine the witness by phone, opt to have the movant propose questions and then have the government obtain answers that are in writing and under oath or pick an alternative that is suggested by the parties. *See Harris*, 394 U.S. at 290 (concluding that, where "a prima facie case for relief [is present, a court] may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'"); Rule 7 of the Rules Governing Section 2255 Proceedings (addressing expansion of the record).

The movant now avails himself of the additional opportunity to request appropriate discovery that the court afforded him. He states that information obtained from three jailhouse informants shows that: (1) witnesses colluded to conform their testimony; (2) government agents pressured witnesses to reveal information; (3) government agents threatened to charge witnesses if they did not cooperate; and (4) government agents offered witnesses leniency if they cooperated. Although the movant acknowledges that he is unable to provide any specific details about what information Joseph McGee, Robert McNeese, Ronald McIntosh, Fred Tokars, Steve Vest and Anthony Altimus[1] may be able to provide to him, he argues that "the consistent pattern of information provided" by three jailhouse informants entitles him to interview all of the witnesses in the WitSec program.

---

[1] In his original motion for discovery, the movant sought discovery with respect to seven individuals: Joseph McGee, Robert McNeese, Ronald McIntosh, Fred Tokars, Steve Vest, Anthony Altimus and Dean Donaldson. In his September 15, 2011 witness list, the movant listed eight individuals who he believed to be in the WitSec program: Anthony Altimus, Dean Donaldson, Steve Ferguson, Joseph McGee, Robert McNeese, Ronald McIntosh, Fred Tokars and Steve Vest. In its resistance to the instant motion, the government declares that Dean Donaldson is not in the WitSec program. Neither the original motion for discovery nor the renewed motion for discovery reference Steve Ferguson.

The court reaffirms its prior determination that discovery is not warranted under Rule 6 of the Rules Governing Section 2255 Proceedings. A prima facie case for relief is not present because the record belies the movant's contention that the government committed a *Brady* violation and witnesses in the WitSec program colluded with other witnesses. The movant did not provide specific evidence that the requested discovery would support his claims and only offered generalized statements regarding the possibility that discoverable material may exist. Because the movant's requests are overly broad in that they encompass all of the witnesses who are in the WitSec program, it is not appropriate to allow the movant to interview them.

The court disagrees with the movant's assertion that he has established a significant pattern of unconstitutional nondisclosure by the government and, therefore, he should be allowed to interview the witnesses who are in the WitSec program to advance his claims. Contrary to the movant's allegations, the record, which includes the recent statements offered by Dennis Putzier, Terry Bregar and Anthony Johnson, does not establish a pattern or indicate an increased likelihood that a *Brady* violation occurred. The movant makes clear that he interviewed other witnesses, but he does not assert that the government acted improperly with respect to them. And, to the extent that Dennis Putzier, Terry Bregar and Anthony Johnson have now offered similar statements as to pressure that the government placed on them or promises that the government made to them, the court finds that those similarities do not tend to reasonably imply the government acted in an improper manner. With respect to the movant's allegations about the government's misconduct, the court finds that "good cause" is lacking.

Moreover, apart from the movant's speculation, nothing suggests that the witnesses who are in the WitSec program: (1) were pressured to testify against the movant; (2) were told they would be charged if they did not provide information; (3) were offered lenience in exchange for their testimony; (4) provided untruthful testimony during trial; (5) testified based on information provided to them by the government; and/or (6) colluded with other

witnesses to conform their testimony. The court finds that the "pattern" that the movant relies on cannot be imputed to the witnesses who are in the WitSec program. Although the movant interviewed several witnesses who testified during the movant's trial and three of those witnesses made statements that conflict with their earlier testimony, it does not necessarily follow that the witnesses in the WitSec program will offer anything that is helpful to the movant. This is especially true in light of the facts that pertain to the witnesses who were confined at the Woodbury County Jail and the facts that pertain to the witnesses who are in the WitSec program.

Based on the foregoing, the movant's renewed motion for discovery (civil docket no. 46) is denied.

**IT IS SO ORDERED**.

**DATED** this 27th day of October, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA