

**U. S. Department of Justice**

*United States Attorney*
*Northern District of Iowa*

---

| *Mailing Address:* | *Shipping Address:* |
|---|---|
| P.O. Box 74950 | 401 First Street S.E. |
| Cedar Rapids, Iowa 52407-4950 | Suite 400 |
| (319) 363-6333 | Cedar Rapids, Iowa 52401-1825 |
| | FAX (319) 363-1990 |

January 22, 1998

Frank Cosgrove
505 6th Street, Suite 535
Sioux City, IA 51101

Via Facsimile

> Re: Anthony Craig Johnson
> Pending Investigation

Dear Mr. Cosgrove:

Pursuant to your conversation with me today, the United States Attorney's Office would agree to arrange for your client, Anthony Craig Johnson, to meet with our agents for the purpose of providing an informal proffer of information that your client possesses concerning drug-related criminal activity. By an "informal proffer" your client would provide information in narrative form to our agents and would answer all questions that they may have for the purpose of assisting the agents and me in determining what, if any, consideration should be afforded your client in exchange for your client's agreement to provide information or other cooperation "on the record" so to speak.

Based upon the information provided by your client our office would prepare a proposed agreement which would resolve the pending investigation of your client. If we were able to reach agreement, the use of information provided by your client in the course of the proffer would be governed by the terms of the agreement.

If at the end of the proffer we were unable to agree to a resolution of the pending investigation, no incriminating statements made by your client during the "informal proffer" could later be used in any trial as direct evidence against your client except in the following circumstances:



GOVERNMENT
EXHIBIT
B
C10-3074

Frank Cosgrove
January 22, 1998
Page 2

        a.    In a prosecution for perjury or giving a false statement;

        b.    In a subsequent prosecution for crimes or acts not disclosed by your client pursuant to the terms of this agreement;

        c.    In a subsequent prosecution for crimes or acts committed by your client after the date of this letter; and

        d.    In the event your client fails to provide complete and truthful information pursuant to this agreement, at any time in any criminal prosecution against your client.

Any information your client provides during the "informal proffer" may be used:

        a.    in any civil proceeding;

        b.    In the event your client is ever convicted of a criminal charge, by a court for use at the time of sentencing; and

        c.    derivatively or indirectly, including but not limited to: for purposes of cross-examination and to impeach your client's credibility and to focus questioning; for purposes of a rebuttal case against your client; as "leads" information; and for any other non-evidentiary purpose.

This agreement grants no immunity whatsoever for any information provided by your client pertaining to any offense that resulted in a death, rape, murder, or forcible felony. Nor does this agreement grant any immunity whatsoever for information disclosed by your client prior to signing this agreement.

It is imperative that this letter, its contents and any subsequent negotiations remain confidential. If such matters are not kept confidential, the United States will not negotiate further with your client.

Please indicate acceptance of this proposal by your signatures below and return the original of this letter to our office. Upon receipt of the signed original, I will contact you to arrange a meeting at a mutually agreeable date and time. If you have any questions before then, please call.

Frank Cosgrove
January 22, 1998
Page 3

Thank you for your cooperation.

Sincerely,

STEPHEN J. RAPP
United States Attorney

By:

STEVEN M. COLLOTON
Assistant United States Attorney

The undersigned accept the terms of the above agreement:

ANTHONY CRAIG JOHNSON
Defendant

STEVEN M. COLLOTON
Assistant United States Attorney

FRANK COSGROVE
Attorney for Anthony Craig Johnson

Dated this 22nd day of January, 1998.

TOTAL P.04