U.S. Department of Justice
Drug Enforcement Administration

PAGE 1 OF 7

## REPORT OF INVESTIGATION

| 1. Program Code | 2. Cross File | Related Files | 3. File No. IH-93-0023 | 4. G-DEP Identifier IA2-S3 |
|---|---|---|---|---|
| 5. By: DAVID G. MIZELL, SA At: CEDAR RAPIDS | ☐ ☐ ☐ | | 6. File Title HONKEN, DUSTIN | |
| 7. | ☐ ☐ | | 8. Date Prepared MARCH 26, 1993 | |

9. Other Officers:
DET. FRANK STEARNS, MASON CITY POLICE DEPARTMENT., JEFF HANSEN, MITCHELL COUNTY IOWA SHERIFF'S OFFICE

10. Report Re:
ARREST OF DUSTIN HONKEN

SYNOPSIS:

ON MARCH 17, 1993, AGENTS AND OFFICERS WITH THE MASON CITY POLICE DEPARTMENT AND THE NORTH IOWA DRUG TASK FORCE EXECUTED AND IOWA STATE SEARCH WARRANT AT THE RESIDENCE OF GREG NICHOLSON, 920 NORTH FILLMORE , MASON CITY, IOWA. SEIZED DURING THE SEARCH WAS APPROXIMATELY EIGHT OUNCES OF METHAMPHETAMINE, $4635.00 U.S. CURRENCY AND A .22 CALIBER SEMIAUTOMATIC PISTOL. NICHOLSON SUBSEQUENTLY COOPERATED WITH LAW ENFORCEMENT OFFICERS AND IDENTIFIED DUSTIN HONKEN AS THE SOURCE OF SUPPLY FOR THE METHAMPHETAMINE. ON MARCH 21, 1993, HONKEN WAS ARRESTED IN MASON CITY, IOWA FOLLOWING AN UNDERCOVER MEETING WITH NICHOLSON.

DETAILS:

1. ON THURSDAY, MARCH 18, 1993, SA DAVID MIZELL WAS CONTACTED BY SHERIFF'S DEPUTY JEFF HANSEN, MITCHELL COUNTY SHERIFF'S OFFICE. DEPUTY HANSEN INFORMED SA MIZELL OF A CURRENT METHAMPHETAMINE INVESTIGATION BEING CONDUCTED BY THE NORTH IOWA DRUG TASK FORCE, WHICH REVEALED THE FOLLOWING INFORMATION.

2. ON MARCH 16, 1993, AS A RESULT OF A NARCOTICS INVESTIGATION CONDUCTED BY OFFICERS WITH THE FREEBORN COUNTY, MN SHERIFF'S DEPT. GARY SOLLAND WAS ARRESTED FOR THE SALE OF METHAMPHETAMINE. OFFICERS INTERVIEWED SOLLAND, WHO AGREED TO ASSIST LAW ENFORCEMENT OFFICERS AND IDENTIFIED THE SOURCE OF SUPPLY OF THE METHAMPHETAMINE AS DAVID PATRICK. SOLLAND DESCRIBED PATRICK AS 35 YEARS OLD AND RESIDING IN CARPENTER, IOWA. SOLLAND ADVISED THAT PATRICK WOULD USUALLY DELIVER SEVEN " EIGHT BALLS" TO SOLLAND IN ALBERT LEA , MN, FOR WHICH SOLLAND WOULD PAY 1800.00. SOLLAND LAST TALKED WITH PATRICK ON MARCH 13, 1993, AT WHICH TIME PATRICK ADVISED THAT AN OUNCE OF METHAMPHETAMINE WAS AVAILABLE FOR SALE. SOLLAND ALSO INDICATED THAT PATRICK WAS SUPPLIED BY AN UNKNOWN SUBJECT IN MASON CITY, IOWA WHO MAY BE OPERATING A CLANDESTINE LABORATORY.

| 11. Distribution: PHOENIX DO | 12. Signature (agent) | 13. Date |
|---|---|---|
| Division    TUSCON RO | DAVID G. MIZELL, SA | 4/16/93 |
| District  ST. LOUIS DO | 14. Approved (Name and Title) | 15. Date |
| Other AMRI, ODC | ROBERT B. UPCHURCH, RAC | 4/23/93 |

DEA Form

(Aug. 1994)

**DEA SENSITIVE**

**Drug Enforcement Administration**

**1 -Prosecutor**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

**U.S. Department of Justice**
Drug Enforcement Administration

| **REPORT OF INVESTIGATION** | 1. File No.<br>IH-93-0023 | 2. G-DEP Identifier<br>IA2-S3 |
|---|---|---|
| *(Continuation)* | 3. File Title<br>HONKEN, DUSTIN | |
| 4.<br>    Page  2   of   7 | | |
| 5. Program Code | 6. Date Prepared<br>MARCH 26, 1993 | |

3.  WITH THE INFORMATION IN HAND, FREEBORN COUNTY MINNESOTA OFFICERS CONTACTED OFFICERS WITH THE NORTHERN IOWA DRUG TASK FORCE.  HAVING PRIOR KNOWLEDGE OF PATRICK'S ACTIVITIES, OFFICERS OBTAINED  AN IOWA STATE SEARCH WARRANT NAMING PATRICK'S RESIDENCE AS THE PLACE TO BE SEARCHED.  ON MARCH 16, 1993, THE SEARCH WARRANT WAS EXECUTED AT THE PATRICK RESIDENCE IN CARPENTER, IOWA.  ONCE INSIDE THE OFFICERS WERE LED TO A HEATING VENT WHERE APPROXIMATELY ONE OUNCE OF METHAMPHETAMINE WAS SECRETED.  PATRICK WAS INFORMED OF HIS RIGHTS PER THE MIRANDA DECISION, AND AGREED TO COOPERATE WITH LAW ENFORCEMENT OFFICERS.

4.  PATRICK ADVISED THAT HE OBTAINED METHAMPHETAMINE FROM GREG NICHOLSON WHO RESIDED AT 920 NORTH FILLMORE, MASON CITY, IOWA.  PATRICK INDICATED THAT NICHOLSON RECENTLY RECEIVED TEN OUNCES OF METHAMPHETAMINE FROM A SOURCE IN ARIZONA..  PATRICK AGREED TO ATTEMPT A CONTROLLED PURCHASE OF METHAMPHETAMINE FROM NICHOLSON.

5.  ON MARCH 16, 1993, PATRICK WAS PREPARED FROM THE UPCOMING MEETING WITH NICHOLSON .  PATRICK AND HIS VEHICLE WERE SEARCHED, WITH NEGATIVE RESULTS.  PATRICK WAS EQUIPPED WITH A TRANSMITTER TO RECORD THE ANTICIPATED MEETING. DUE TO A LACK OF FUNDS, PATRICK WAS TO ATTEMPT TO HAVE ONE OUNCE OF METHAMPHETAMINE "FRONTED" TO HIM.

6.  PATRICK WAS SUBSEQUENTLY FOLLOWED TO THE NICHOLSON RESIDENCE IN MASON CITY, IOWA.  PATRICK CONTACTED NICHOLSON AND WAS ALLOWED INTO THE RESIDENCE. OFFICERS MONITORED NICHOLSON AND PATRICK'S CONVERSATION AT WHICH TIME THEY HEARD PATRICK REQUEST ONE OUNCE OF METHAMPHETAMINE.  NICHOLSON LEFT THE ROOM AND IN A SHORT TIME RETURNED WITH THE METHAMPHETAMINE. AFTER A BRIEF DISCUSSION ON THE AMOUNT OWED TO NICHOLSON, PATRICK LEFT THE NICHOLSON RESIDENCE AND WAS FOLLOWED BACK TO THE MASON CITY POLICE DEPARTMENT.

7.  UPON ARRIVING AT THE MASON CITY POLICE DEPT, PATRICK PRODUCED A ZIPLOCK BAGGIE CONTAINING A WHITE POWDER SUBSTANCE.  THE SUBSTANCE WAS WEIGHTED AT APPROXIMATELY ONE

OUNCE AND FIELD TESTED. THE FIELD TEST WAS POSITIVE FOR THE PRESENCE OF METHAMPHETAMINE. PATRICK COMPLETED A WRITTEN STATEMENT AND WAS ALLOWED TO LEAVE.

8.  ON MARCH 17, 1992, AN IOWA STATE SEARCH WARRANT WAS PREPARED FOR THE NICHOLSON RESIDENCE AT 920 NORTH FILLMORE, MASON CITY, IOWA. SHORTLY AFTER 11:00 AM, OFFICERS EXECUTED THE SEARCH WARRANT AT NICHOLSON'S HOME. DURING THE SEARCH OFFICERS DISCOVERED A LOADED .22 CALIBER SEMI-AUTOMATIC HANDGUN, MARIJUANA, $4635.00 U.S. CURRENCY, AND FOUR BROWN BOTTLES, ONE OF WHICH CONTAINED A WHITE POWDER SUBSTANCE WHICH FIELD TESTED POSITIVE FOR METHAMPHETAMINE.

9.  NICHOLSON WAS GIVEN HIS CONSTITUTIONAL RIGHTS AND AGREED TO AN INTERVIEW. DURING THIS INTERVIEW, NICHOLSON RELATED THE FOLLOWING INFORMATION. NICHOLSON WAS BEING SUPPLIED METHAMPHETAMINE BY DUSTIN HONKEN WHO RESIDES IN TEMPE, ARIZONA. NICHOLSON HAS BEEN SUPPLIED BY HONKEN SINCE APPROXIMATELY MARCH, 1992. HONKEN DELIVERED APPROXIMATELY SIX TO TEN OUNCES OF METHAMPHETAMINE APPROXIMATELY SIX TIME DURING THE PAST YEAR. NICHOLSON PAID HONKEN $1,200.00 PER OUNCE AND CHARGED HIS CUSTOMERS $1500.00 AN OUNCE. HONKEN HAD

DEA Form
(Aug. 1994)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

| | | |
|---|---|---|
| **REPORT OF INVESTIGATION** | 1. File No.<br>IH-93-0023 | 2. G-DEP Identifier<br>IA2-S3 |
| *(Continuation)* | 3. File Title<br><br>HONKEN, DUSTIN | |
| 4.<br>Page 3 of 7 | | |
| 5. Program Code | 6. Date Prepared<br>MARCH 26, 1993 | |

LAST DELIVERED TEN OUNCES OF METHAMPHETAMINE TO NICHOLSON TWO WEEKS PRIOR TO MARCH 17, 1993. HONKEN "FRONTED" METHAMPHETAMINE TO NICHOLSON AND WAS TRAVELING TO MASON CITY, IOWA SOMETIME DURING THE WEEKEND OF MARCH 20-21, 1993, TO COLLECT THE MONEY. THE $4635.00 U.S. CURRENCY WAS TO BE USED TO PAY HONKEN. NICHOLSON INDICATED HONKEN OPERATED A "LAB" IN ARIZONA AND WAS SUPPLYING AT LEAST ONE OTHER PERSON IN IOWA, WHO RESIDED IN THE CITY OF CLEAR LAKE.

10. NICHOLSON WAS ASKED IF HE WOULD ASSIST LAW ENFORCEMENT OFFICERS AND MEET WITH HONKEN WHEN HONKEN ARRIVED IN MASON CITY, IOWA. NICHOLSON REQUESTED TO SPEAK WITH AN ATTORNEY.

11. ON MARCH 18,1993, NICHOLSON CONTACTED DET. FRANK STEARNS OF THE MASON CITY POLICE DEPT. AND ADVISED THAT HE WOULD LIKE TO SPEAK WITH DET. STEARNS AND THE CERRO GORDO COUNTY ATTORNEY. AT APPROXIMATELY 1:15 PM, NICHOLSON, HIS WIFE AND ATTORNEY MET WITH DET. STEARNS AND CERRO GORDO ATTORNEY DOUG HAMMERAND. AT THAT TIME, NICHOLSON AGREED TO COOPERATE IN THIS CASE IN RETURN FOR WEAPONS AND TAX STAMP CHARGES BEING DROPPED AS WELL AS ALL STATE CHARGES BEING DROPPED AGAINST NICHOLSON'S WIFE..

12. NICHOLSON WAS BRIEFED BY DET. STEARNS AND ADVISED THAT HONKEN WOULD MOST LIKELY CALL PRIOR TO ARRIVING AT NICHOLSON'S HOME. NICHOLSON AGREED TO CALL DET. STEARNS WHEN HONKEN CONTACTED NICHOLSON.

13. DEPUTY HANSEN ADVISED SA MIZELL THAT NICHOLSON AGREED TO WEAR A RECORDER AND WOULD RECORD THE MEETING WITH HONKEN. DEPUTY HANSEN TOLD SA MIZELL THAT NICHOLSON WOULD BE GIVEN PRESERIALIZED CURRENCY TO BE USED TO PAY HONKEN. IT WAS EXPECTED THAT HONKEN WOULD BE TAKEN INTO CUSTODY FOLLOWING THE MEETING WITH NICHOLSON. DEPUTY HANSEN REQUESTED HELP IN ADVANCING THIS CASE. DEPUTY HANSEN AGREED TO CONTACT SA MIZELL WHEN HONKEN WAS ARRESTED.

14. ON MARCH 21, 1993, SA MIZELL WAS CONTACTED BY DEPUTY HANSEN. DEPUTY HANSEN ADVISED THAT HONKEN HAD MET WITH NICHOLSON AND WAS ARRESTED SHORTLY THEREAFTER. HONKEN REFUSED TO ANSWER ANY QUESTIONS AND WAS CURRENTLY BEING HELD AT THE CERRO GORDO COUNTY JAIL.

THE INVESTIGATION WAS CONTINUING AND SA MIZELL AGREED TO CONTACT THE ASSISTANT U.S. ATTORNEY TO INITIATE FEDERAL PROSECUTION.

15. ON MARCH 22, 1993, SA MIZELL CONTACTED DET. FRANK STEARNS OF THE MASON CITY POLICE DEPT. SA MIZELL INQUIRED AS TO THE FACTS AND CIRCUMSTANCES SURROUNDING HONKEN'S ARREST. DET. STEARNS RELAYED THE FOLLOWING INFORMATION. ON SUNDAY, MARCH 21, 1993, AT APPROXIMATELY 10:30 AM, NICHOLSON CONTACTED DET. STEARNS AND ADVISED THAT HONKEN HAD TELEPHONED STATING THAT HE (HONKEN) WOULD CONTACT NICHOLSON AT APPROXIMATELY 12:30 PM. NICHOLSON SUBSEQUENTLY MET WITH DET. STEARNS AND RECEIVED $3000.00 IN PRESERIALIZED U.S. CURRENCY WHICH WAS TO BE GIVEN TO HONKEN AS PARTIAL PAYMENT OF THE DEBT NICHOLSON OWED. NICHOLSON WAS ALSO EQUIPPED WITH A TRANSMITTER AND RECORDER TO RECORD THE UPCOMING MEETING. NICHOLSON RETURNED TO HIS RESIDENCE WHILE DET. STEARNS AND OTHER OFFICERS SET UP

CV-10-3074; CR01-3047-LRR          P-Ex77_Page_6

U.S. Department of Justice

Drug Enforcement Administration

| | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| **REPORT OF INVESTIGATION** | IH-93-0023 | IA2-S3 |
| *(Continuation)* | 3. File Title HONKEN, DUSTIN | |
| 4. Page 4 of 7 | | |
| 5. Program Code | 6. Date Prepared MARCH 26, 1993 | |

SURVEILLANCE OF THE NICHOLSON HOUSE.

16. AT APPROXIMATELY 12:50 PM, SURVEILLANCE OFFICERS OBSERVED A SUBJECT, LATER IDENTIFIED AS DUSTIN HONKEN, ARRIVE AT NICHOLSON'S RESIDENCE. HONKEN WAS ALLOWED TO ENTER. THE CONVERSATION WAS MONITORED AND RECORDED BY LAW ENFORCEMENT OFFICERS. DURING THIS CONVERSATION OFFICERS OVERHEARD THE FOLLOWING. NICHOLSON TOLD HONKEN THAT HE (NICHOLSON), HAD ABOUT THREE TO FOUR OUNCES OF "PURE ROCK", MEANING METHAMPHETAMINE. NICHOLSON ADVISED THAT MOST OF THE METHAMPHETAMINE WAS "FRONTED OUT," HOWEVER HE (NICHOLSON), HAD SOME MONEY TO PAY HONKEN. NICHOLSON RETRIEVED THE $3,000.00 AND GAVE IT TO HONKEN. NICHOLSON ALSO OBTAINED THE NAME OF TERRY DEGEUS FROM HONKEN. APPARENTLY, DEGEUS WAS OBTAINING METHAMPHETAMINE FROM HONKEN. NICHOLSON INQUIRED AS WHETHER HONKEN COULD OBTAIN A KILOGRAM OF METHAMPHETAMINE. HONKEN ACKNOWLEDGE THAT HE COULD AND IT WOULD COST APPROXIMATELY $18,000.00.

17. HONKEN AND NICHOLSON ALSO HAD A CONVERSATION IN WHICH HONKEN MADE SOME INDICATIONS THAT HONKEN WAS INVOLVED WITH MANUFACTURING METHAMPHETAMINE. HONKEN ACKNOWLEDGED THAT HE AND NICHOLSON CONDUCTED APPROXIMATELY $100,000.00 IN NARCOTICS TRAFFICKING DURING THE PAST YEAR AND THAT HONKEN WAS NOT AFRAID TO "FRONT" NICHOLSON ADDITIONAL AMOUNTS OF METHAMPHETAMINE. DURING THIS CONVERSATION HONKEN INDICATED THAT DEGEUS OWED HONKEN $20,000.00, AND THAT DEGEUS HAD, AT ONE TIME, RECEIVED FIVE OUNCES OF METHAMPHETAMINE.

18. AFTER THE CONVERSATION HONKEN EXITED NICHOLSON'S RESIDENCE AND WALKED TO A BROWN PONTIAC 6000, BEARING IOWA LICENSE OKA-052. IT WAS LATER LEARNED THAT THE VEHICLE WAS REGISTERED TO RUSSELL MILLER. HONKEN ENTERED THE VEHICLE AND BEGAN TO DRIVE AWAY. SHORTLY THEREAFTER, TASK FORCE OFFICERS STOPPED THE VEHICLE AND ARRESTED HONKEN AND HIS PASSENGER TIMOTHY CUTKOMP. A SEARCH OF HONKEN REVEALED THE $3,000.00 IN PRESERIALIZED CURRENCY PROVIDED TO NICHOLSON BY DET. STEARNS. BOTH HONKEN AND

CUTKOMP WERE SUBSEQUENTLY CONVEYED TO THE MASON CITY POLICE DEPARTMENT. BOTH MEN WERE READ THEIR MIRANDA RIGHTS, HOWEVER BOTH WISHED TO SPEAK TO AN ATTORNEY.

19. WHILE CONDUCTING A SEARCH OF HONKEN, DET. STEARNS FOUND A MOTEL ROOM KEY LATER DETERMINED TO BE FROM THE HIWAY HOUSE MOTEL. HONKEN TOLD OFFICERS THAT MILLER WAS WAITING FOR HONKEN AT THE MOTEL AND THAT MILLER HAD PICKED UP HONKEN AND CUTKOMP AT THE AIRPORT IN DES MOINES, IOWA THE PREVIOUS DAY. IT SHOULD BE NOTED THAT OFFICERS DISCOVERED A UPS RECEIPT DATED APRIL 17, 1992, WHICH SHOWED THAT A PARCEL WAS SENT TO MILLER AT ROOM C322 COLLEGE DRIVE, MASON CITY, IOWA. THE SENDER WAS LISTED AS DUSTIN HONKEN 2463 NORTH PALO DULCE, TUSCON, ARIZONA. THE PACKAGE CONTENTS WERE LISTED AS "BOOKS."

20. DET. STEARNS SUBSEQUENTLY OBTAINED AN IOWA STATE SEARCH WARRANT AUTHORIZING THE SEARCH OF ROOM #237 AT THE HIWAY HOUSE MOTEL IN MASON CITY, IOWA. OFFICERS WITH THE MASON CITY POLICE DEPARTMENT, AND THE NORTH IOWA TASK FORCE EXECUTED THE SEARCH WARRANT. FOUND AT THE MOTEL WAS RUSSELL MILLER. A SEARCH OF THE MOTEL ROOM REVEALED A SMALL AMOUNT OF METHAMPHETAMINE, LUGGAGE, $790.00 U.S. CURRENCY, DRUG PARAPHERNALIA, AIRLINE TICKETS,

**DEA** Form
(Aug. 1994)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

U.S. Department of Justice

Drug Enforcement Administration

| **REPORT OF INVESTIGATION** | 1. File No.<br>IH-93-0023 | 2. G-DEP Identifier<br>IA2-S3 |
|---|---|---|
| *(Continuation)* | 3. File Title<br><br>HONKEN, DUSTIN | |
| 4.<br>Page  5  of  7 | | |
| 5. Program Code | 6. Date Prepared<br>MARCH 26, 1993 | |

RECORDS AND RECEIPTS.

21. DET. STEARNS INTERVIEWED MILLER WHILE AT THE MOTEL. MILLER ADVISED THAT THE UPS RECEIPT FOUND WITH HONKEN WAS FROM A PACKAGE MILLER RECEIVED FROM HONKEN. MILLER CLAIMED THAT HE DID NOT OPEN THE PACKAGE. MILLER GAVE THE PACKAGE TO HONKEN WHEN HONKEN WAS IN MASON CITY. MILLER ACKNOWLEDGED THAT HONKEN SENT THE PACKAGE WHILE HONKEN WAS IN ARIZONA.

22. MILLER WAS SUBSEQUENTLY ARRESTED AND CONVEYED TO THE MASON CITY POLICE DEPARTMENT.

23. BASED UPON THE INFORMATION OBTAINED DURING THE UNDERCOVER MEETING BETWEEN HONKEN AND NICHOLSON, TASK FORCE OFFICERS OBTAINED AN IOWA STATE SEARCH WARRANT FOR TERRY DEGEUS'S RESIDENCE.. DEGEUS REFUSED TO ALLOW OFFICERS IN HIS RESIDENCE AND TOLD OFFICERS THAT HE WOULD "SHOOT" A COP AND "GO DOWN IN A BLAZE OF FIRE" IF THEY EVER CAUGHT HIM WITH A LOAD OF "DOPE" BEFORE HE GAVE UP. OFFICERS NEGOTIATED WITH DEGUES FOR APPROXIMATELY TWO HOURS BEFORE DEGEUS OPENED THE DOOR. DEGEUS WAS PLACED UNDER ARREST. UPON SEARCHING DEGEUS' RESIDENCE, OFFICERS NOTICED A BURNING ODOR. OFFICERS DISCOVERED FRESHLY BURNT PAPERS IN A SMALL ROOM LOCATED ON THE SECOND FLOOR OF DEGEUS' HOME. OFFICERS ALSO FOUND A SUBJECT IDENTIFIED AS AARON RYERSON HIDING IN THE ATTIC. RYERSON WAS SUBSEQUENTLY ARRESTED AND CHARGED IN IOWA STATE COURT. NEITHER RYERSON OR DEGEUS MADE ANY STATEMENT TO OFFICERS.

24. THE INFORMATION GIVEN TO SA MIZELL BY DET. STEARNS WAS PASSED TO ASSISTANT U.S. ATTORNEY PAT REINERT. AUSA REINERT AGREED TO PROSECUTE HONKEN AND ASKED THAT AN AFFIDAVIT FOR A CRIMINAL COMPLAINT BE PREPARED. SA MIZELL, WITH THE ASSISTANCE OF AUSA CANDICE WILCOX PREPARED AN AFFIDAVIT FOR A CRIMINAL COMPLAIN WHICH WAS PRESENTED TO IOWA STATE DISTRICT COURT JUDGE THOMAS HORAN. JUDGE HORAN SIGNED THE CRIMINAL COMPLAINT AND ISSUED AN ARREST WARRANT FOR HONKEN.

25. ON MARCH 23, 1993, THE STATE CHARGES PENDING AGAINST HONKEN WERE DISMISSED AND HONKEN WAS ARRESTED ON FEDERAL CHARGES. HONKEN WAS CONVEYED TO CEDAR RAPIDS, IOWA. HONKEN

WAS BROUGHT BEFORE IOWA STATED DISTRICT COURT JUDGE HONSELL FOR HIS INITIAL APPEARANCE.

JUDGE HONSELL ORDERED HONKEN DETAINED, PENDING A DETENTION HEARING SCHEDULED FOR

MARCH 26, 1993.

26. ON MARCH 26, 1993, HONKEN APPEARED BEFORE U.S. MAGISTRATE JUDGE JOHN A. JARVEY FOR THE

SCHEDULED DETENTION HEARING. AFTER THE TESTIMONY WAS PRESENTED JUDGE JARVEY ORDERED

HONKEN RELEASED ON A $10,000.00 UNSECURED SIGNATURE BOND.

27. IT SHOULD BE NOTED THAT ON MARCH 23, 1993, WHEN HONKEN WAS TAKEN INTO CUSTODY BY SA

MIZELL, HONKEN HAD A LARGE BLUE SUITCASE. SA MIZELL SEARCHED THE SUITCASE AND FOUND

SEVERAL DOCUMENTS, ONE HAVING AN ARIZONA PHONE NUMBER OF ███████████ AN ADMINISTRATIVE

SUBPOENA WAS SENT TOT HE U.S. WEST TELEPHONE COMPANY REQUESTING SUBSCRIBER

INFORMATION ON THE TELEPHONE NUMBER. ON MARCH 25, 1993, U.S. WEST RESPONDED TO THE

SUBPOENA. THE NUMBER WAS SUBSCRIBED TO JEFF HONKEN AT ██████████████████████

██████████████. HONKEN

DEA Form
(Aug. 1994)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

U.S. Department of Justice

Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No.<br>IH-93-0023 | 2. G-DEP Identifier<br>IA2-S3 |
|---|---|---|
| *(Continuation)* | 3. File Title<br><br>HONKEN, DUSTIN | |
| 4.         6     of     7 | | |
| 5. Program Code | 6. Date Prepared<br>MARCH 26, 1993 | |

HAD EARLIER INDICATED THAT HE RESIDED WITH HIS BROTHER AT THE RIVERSIDE APARTMENTS IN TEMPE, ARIZONA. HONKEN MAINTAINED THAT HE AND HIS BROTHER HAD PREVIOUSLY RESIDED AT ███████ ████████ HONKEN ALSO INDICATED THAT HE AND HIS BROTHER WERE CURRENTLY CLOSING JEFF HONKEN'S BUSINESS. THE BUSINESS WAS NOT IDENTIFIED.

28. THE DOCUMENTS FOUND BY SA MIZELL WERE SUBSEQUENTLY SEIZED AND MARKED AS EXHIBIT N-1. ANY ADDITIONAL INFORMATION WILL BE REPORTED ON A SEPARATE ROI.\

DESCRIPTION AND CUSTODY OF EVIDENCE:

1. EXHIBIT N-1 IS DESCRIBED AS MISCELLANEOUS DOCUMENTS SEIZED FROM DUSTIN HONKEN'S LUGGAGE ON MARCH 23, 1993, BY SA MIZELL IN CEDAR RAPIDS, IOWA. SA MIZELL MAINTAINED CONTROL AND CUSTODY OF THE DOCUMENTS UNTIL THEY COULD BE DELIVERED TO THE NON-DRUG EVIDENCE CUSTODIAN.

INDEXING SECTION:

1. HONKEN, DUSTIN LEE, NADDIS PENDING, IS DESCRIBED AS A WHITE MALE, DOB ████ 160 POUNDS WITH BLUE EYES AND BLOND HAIR. HONKEN IS FURTHER DESCRIBED BY SSN 4███████ IOWA DRIVERS' LICENSE ████████ AND IOWA DCI #347783. HONKEN'S ADDRESSES INCLUDE ██████ ████████

2. NICHOLSON, GREGORY, NADDIS PENDING, RESIDES AT ████████

3. SOLLAND, GARY, NADDIS NEGATIVE, NO FURTHER IDENTIFIERS AT THIS TIME.

4. PATRICK, DAVID, NADDIS NEGATIVE, NO FURTHER IDENTIFIERS AT THIS TIME

5. DEGEUS, TERRY , NADDIS NEGATIVE, NO FURTHER IDENTIFIERS AT THIS TIME.

6. MILLER, RUSSELL, NADDIS NEGATIVE, FURTHER DESCRIBED AS A WHITE MALE, DOB ████ 6', 160 POUNDS. FURTHER IDENTIFIERS INCLUDE SSN ████████ MILLER'S ADDRESSES INCLUDE ████████ ████████

7.   CUTKOMP, TIMOTHY, NADDIS NEGATIVE, IS DESCRIBED AS A WHITE MALE, DOB ██████ 6'3" 190 POUNDS. CUTKOMP'S SSN IS 4███████ CUTKOMP'S ADDRESS IS LISTED AS ███████████ ████

8.   HONKEN, JEFFREY ALLEN, NADDIS NEGATIVE, IS DESCRIBED AS A WHITE MALE, DOB ██████ 6', 185 LBS., WITH BLUE EYES AND BLOND HAIR.  HONKEN IS FURTHER DESCRIBED BY SSN ████████ AND ARIZONA DRIVER'S LICENSE ████████.  HONKEN 'S ADDRESSES INCLUDE ████████████

DEA Form
(Aug. 1994)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

U.S. Department of Justice

Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No. IH09300023 | 2. G-DEP Identifier IA2-S3 |
|---|---|---|
| *(Continuation)* | 3. File Title HONKEN, DUSTIN | |

4.

Page   7   of   7

| 5. Program Code | 6. Date Prepared MARCH 26, 1993 |
|---|---|

9. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  HONKEN'S TELEPHONE NUMBER IS ▮▮▮▮▮▮▮▮

RYERSON, AARON, NADDIS NEGATIVE, NO FURTHER IDENTIFIERS AT THIS TIME.

DEA Form

(Aug. 1994)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

DEA Form

(Aug. 1994)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.