# ROSENBERG, STOWERS & MORSE

1010 INSURANCE EXCHANGE BUILDING
505 FIFTH AVENUE
DES MOINES, IOWA 50309
TELEPHONE: (515) 243-7600    FACSIMILE: (515) 243-0583

DEAN STOWERS
BRENT D. ROSENBERG
DAVID A. MORSE

*OF COUNSEL
RAYMOND ROSENBERG

September 4, 2003

Al Parrish
Parrish, Kruidenier, Moss, Dunn,
Montgomery, Boles & Gribble, LLP
2910 Grand Avenue
Des Moines, IA 50312

Charlie Rogers
Wyrsch, Hobbs & Mirakian, P.C.
1101 Walnut, Suite 1300
Kansas City, MO  64106

Re:    U.S. v. Angela Johnson and Dustin Honken

Dear Al and Charlie:

I have previously suggested to Charlie that Dustin would seem to have a viable double
jeopardy defense to the CCE counts.  If such a motion were successful, your client would
not be eligible for the death penalty because of the ex post facto problem with the Title
18 death penalty.  I ran across the enclosed excerpt from a book that I am enclosing for
you, although I assume you both already have thoroughly researched this issue.

Sincerely,

Dean Stowers/an

Dean Stowers
Ds:an

Enclosure

011205

individual crimes that are separately punishable and thus multiple punishments are permissible.

## 8. Prior Prosecution for Conspiracy Followed by Prosecution for CCE

A drug conspiracy such as 21 U.S.C. § 846 or § 963 is a lesser-included offense of a CCE (21 U.S.C. § 848). *Jeffers v. United States,* 432 U.S. 137, 149 (1977); *United States v. Stricklin,* 591 F.2d 1112, 1123 (5th Cir.), *cert. denied,* 444 U.S. 963 (1979). Thus a defendant who is initially tried and convicted of a drug conspiracy offense can argue double jeopardy as a bar if the government later tries to prosecute him or her for a CCE based on the same agreement as that embodied in the earlier conspiracy prosecution. *United States v. Reed,* 980 F.2d 1568 (11th Cir.), *cert. denied,* 113 S.Ct. 3063 (1993); *United States v. Boldin,* 772 F.2d 719 (11th Cir. 1985), *modified,* 779 F.2d 618 (1986), *cert. denied,* 475 U.S. 1048 (1986); *cf. Garrett v. United States,* 471 U.S. 773 (1985) (substantive narcotic offenses, as distinguished from a conspiracy charge, are not lesser-included offenses of CCE for double jeopardy purposes). However, there are two exceptions to the jeopardy bar when a CCE prosecution follows an earlier conspiracy prosecution: (a) "when all events necessary to the greater crime have not taken place at the time the prosecution for the lesser is begun," citing *Jeffers,* 432 U.S. at 151, and (b) "when the facts necessary to the greater were not discovered despite the exercise of due diligence before the first trial" (citation omitted; emphasis in original). *Reed* at 1577.

*United States v. Maza,* 983 F.2d 1004 (11th Cir. 1993), rejected a defendant's claim that his CCE prosecution was barred on double jeopardy grounds by his earlier prosecution and conviction for 21 U.S.C. § 846. Despite finding that the government had available to it all the information in the first prosecution on which it was relying in the second prosecution, due diligence did not compel dismissal of the later CCE charge. The court found that the CCE charge need not have been brought in the first prosecution because it was a different conspiracy from the prior section 846 charge. Though the proof overlapped, there were many distinct elements in the two separate charges. The conspiracies differed in scope, facts, and objectives. Maza was not tried twice for the same act; rather, he was tried twice for committing two different crimes. A person may be tried twice for the same offense if he or she commits the same offense twice. However, the court cautioned that "it might view with a jaundiced eye an attempt to re-try old facts on a new theory." *Maza* at 1015.

*See, also Rutledge v. United States,* 517 U.S. 292 (1996) (§846 conspiracy is lesser included offense of §848 CCE and thus a conviction for both offenses